409 So.2d 1016 (1982)
Terrence E. ROSENBERG and Gerald Pomerantz, Petitioners,
v.
George G. LEVIN, Respondent.
No. 57530.
Supreme Court of Florida.
January 7, 1982.
Rehearing Denied March 4, 1982.
*1017 Kris E. Penzell of the Law Offices of Penzell & Diamond, Miami, Proby & Adkins, Coral Gables, and Barry J. Clyman, Miami, for petitioners.
Irwin J. Weiner, Ocala, for respondent.

ON REHEARING AND REARGUMENT
The opinion of June 11, 1981, is vacated and replaced by the following opinion.
OVERTON, Justice.
This is a petition to review a decision of the Third District Court of Appeal, reported as Levin v. Rosenberg, 372 So.2d 956 (Fla. 3d DCA 1979). The issue to be decided concerns the proper basis for compensating an attorney discharged without cause by his client after he has performed substantial legal services under a valid contract of employment. We find conflict with our decision in Goodkind v. Wolkowsky, 132 Fla. 63, 180 So. 538 (1938).
We hold that a lawyer discharged without cause is entitled to the reasonable value of his services on the basis of quantum meruit, but recovery is limited to the maximum fee set in the contract entered into for those services. We have concluded that without this limitation, the client would be penalized for the discharge and the lawyer would receive more than he bargained for in his initial contract. In the instant case, we reject the contention of the respondent lawyer that he is entitled to $55,000 as the reasonable value of his services when his contract fee was $10,000. We affirm the decision of the district court and recede from our prior decision in Goodkind.
The facts of this case reflect the following. Levin hired Rosenberg and Pomerantz to perform legal services pursuant to a letter agreement which provided for a $10,000 fixed fee, plus a contingent fee equal to fifty percent of all amounts recovered in excess of $600,000. Levin later discharged *1018 Rosenberg and Pomerantz without cause before the legal controversy was resolved and subsequently settled the matter for a net recovery of $500,000. Rosenberg and Pomerantz sued for fees based on a "quantum meruit" evaluation of their services. After lengthy testimony, the trial judge concluded that quantum meruit was indeed the appropriate basis for compensation and awarded Rosenberg and Pomerantz $55,000. The district court also agreed that quantum meruit was the appropriate basis for recovery but lowered the amount awarded to $10,000, stating that recovery could in no event exceed the amount which the attorneys would have received under their contract if not prematurely discharged. 372 So.2d at 958.
The issue submitted to us for resolution is whether the terms of an attorney employment contract limit the attorney's quantum meruit recovery to the fee set out in the contract. This issue requires, however, that we answer the broader underlying question of whether in Florida quantum meruit is an appropriate basis for compensation of attorneys discharged by their clients without cause where there is a specific employment contract. The Florida cases which have previously addressed this issue have resulted in confusion and conflicting views.
In Goodkind v. Wolkowsky, this Court held that an attorney who was employed for a specific purpose and for a definite fee, but who was discharged without cause after substantial performance, was entitled to recover the fee agreed upon as damages for breach of contract. The attorney in Goodkind was employed to represent several clients in a tax case for a fixed fee of $4,000 and was discharged without cause prior to his completion of the matter. He sought damages for breach of contract. The trial court sustained clients' demurrer to the complaint "on the ground that plaintiff's right to recover must be restricted to a reasonable compensation for the value of the services performed prior to the discharge." 180 So. at 540. The attorney appealed and this Court, after an extensive survey of the authorities, reversed the attorney's quantum meruit recovery and found instead that he was entitled to recover under the contract. The Goodkind court, while following the traditional contract rule, did recognize the right of the client to discharge his attorney at any time with or without cause. The Third District Court of Appeal later applied this contract rule to a contingent fee contract situation in Osius v. Hastings, 97 So.2d 623 (Fla. 3d DCA 1957), rev'd on other grounds, 104 So.2d 21 (Fla. 1958).
In Milton Kelner, P.A. v. 610 Lincoln Road, Inc., 328 So.2d 193 (Fla. 1976), we approved the enforcement of a specific attorney-client contract, but left open the issue of whether quantum meruit was the proper rule in a contingency fee case. The attorney in Kelner represented a client on an insurance claim under a contingency fee contract calling for "40% of all sums recovered." The insurer agreed to pay the face amount of the policy before trial, but the client rejected the settlement offer and discharged the attorney without cause. In effect, the maximum recovery from the insurance company had been obtained at the time of the discharge. The attorney then sought recovery under the contract in the trial court and was successful, with the jury resolving the dispute relating to fee calculation in favor of the attorney. On appeal, the district court reversed and limited the attorney's recovery to quantum meruit rather than the percentage of the insurance proceeds recovery provided by the contingency contract. The district court emphasized that recovery under the original contract might have a chilling effect on a client's exercise of the right to discharge. The district court then certified to this Court the question it had decided, whether quantum meruit should be the exclusive remedy in contingent fee cases. We chose to decide the Kelner case on its unique facts and held:
Under the peculiar circumstances of this case, where the proceeds of the insurance policy were fully recovered and the real issue of how the contingency fee was to be computed was settled by a jury, we will not disturb the verdict and restrict *1019 the computation of the attorney's fee to quantum meruit. We do agree with the District Court that Goodkind v. Wolkowsky applies to a fixed fee contract and does not establish the precedent for contingent fee contracts.
We continued by stating:
Quantum meruit may well be the proper standard when the discharge under a contingent fee contract occurs prior to the obtaining of the full settlement contracted for under the attorney-client agreement, with the cause of action accruing only upon the happening of the contingency to the benefit of the former client. That issue, however, is not factually before us and we do not make that determination in this cause.
328 So.2d at 196 (citation omitted).
The First District Court of Appeal, in Sohn v. Brockington, 371 So.2d 1089 (Fla. 1st DCA 1979), cert. denied, 383 So.2d 1202 (Fla. 1980), subsequently determined that, based on the above-quoted language in Kelner, quantum meruit was the appropriate remedy when discharge occurred before the happening of the contingency. In Sohn, the attorney was employed under a forty percent contingent fee contract and was discharged without cause before filing the complaint. The client subsequently retained new counsel who secured a settlement of $75,000. The district court affirmed the trial court which had limited the attorney to a quantum meruit recovery and awarded him $950 as the reasonable value of his services. In so holding, the district court concluded that "the [modern] rule ... is the more logical and should be adopted in this state." 371 So.2d at 1092. That court also held that the attorney's cause of action accrued immediately upon discharge in accordance with the view expressed in Martin v. Camp, 219 N.Y. 170, 177, 114 N.E. 46, 49 (1916).
The existing case law in this state reflects that this Court is on record as favoring the traditional contract means of recovery. We have, however, inferred in dicta in Kelner that quantum meruit may be the proper basis for recovery in a contingent fee contract situation. The First District Court of Appeal in Sohn expressly held that quantum meruit is proper in a contingency contract. In the instant case, the Third District Court of Appeal held that quantum meruit is proper where the contingency does not control and limited such quantum meruit recovery to the maximum amount of the contract fee.
There are two conflicting interests involved in the determination of the issue presented in this type of attorney-client dispute. The first is the need of the client to have confidence in the integrity and ability of his attorney and, therefore, the need for the client to have the ability to discharge his attorney when he loses that necessary confidence in the attorney. The second is the attorney's right to adequate compensation for work performed. To address these conflicting interests, we must consider three distinct rules.

Contract Rule
The traditional contract rule adopted by a number of jurisdictions holds that an attorney discharged without cause may recover damages for breach of contract under traditional contract principles. The measure of damages is usually the full contract price, although some courts deduct a fair allowance for services and expenses not expended by the discharged attorney in performing the balance of the contract. E.g., Bockman v. Rorex, 212 Ark. 948, 208 S.W.2d 991 (1948) (fixed fee contract); Tonn v. Reuter, 6 Wis.2d 498, 95 N.W.2d 261 (1959) (contingency fee contract); see generally 1 S. Speiser, Attorneys' Fees §§ 4:24-:36 (1973). Some jurisdictions following the contract rule also permit an alternative recovery based on quantum meruit so that an attorney can elect between recovery based on the contract or the reasonable value of the performed services. E.g., In re Downs, 363 S.W.2d 679 (Mo. 1963); French v. Cunningham, 149 Ind. 632, 49 N.E. 797 (1898). See 1 S. Speiser, Attorneys' Fees § 4:36 (1973).
Support for the traditional contract theory is based on: (1) the full contract price is arguably the most rational measure of damages since it reflects the value that the *1020 parties placed on the services; (2) charging the full fee prevents the client from profiting from his own breach of contract; and (3) the contract rule is said to avoid the difficult problem of setting a value on an attorney's partially completed legal work.

Quantum Meruit Rule
To avoid restricting a client's freedom to discharge his attorney, a number of jurisdictions in recent years have held that an attorney discharged without cause can recover only the reasonable value services rendered prior to discharge. See, e.g., Covington v. Rhodes, 38 N.C. App. 61, 247 S.E.2d 305 (1978), cert. denied, 296 N.C. 410, 251 S.E.2d 468 (1979); Johnson v. Long, 15 Ill. App.3d 506, 305 N.E.2d 30 (1973); State Farm Mutual Insurance Co. v. St. Joseph's Hospital, 107 Ariz. 498, 489 P.2d 837 (1971). See generally 1 S. Speiser, §§ 4:28,:35-:36. This rule was first announced in Martin v. Camp, 219 N.Y. 170, 114 N.E. 46 (1916), where the New York Court of Appeals held that a discharged attorney could not sue his client for damages for breach of contract unless the attorney had completed performance of the contract. The New York court established quantum meruit recovery for the attorney on the theory that the client does not breach the contract by discharging the attorney. Rather, the court reasoned, there is an implied condition in every attorney-client contract that the client may discharge the attorney at any time with or without cause. With this right as part of the contract, traditional contract principles are applied to allow quantum meruit recovery on the basis of services performed to date. Under the New York rule, the attorney's cause of action accrues immediately upon his discharge by the client, under the reasoning that it is unfair to make the attorney's right to compensation dependent on the performance of a successor over whom he has no control. See Tillman v. Komar, 259 N.Y. 133, 135-36, 181 N.E. 75, 76 (1932).
The California Supreme Court, in Fracasse v. Brent, 6 Cal.3d 784, 494 P.2d 9, 100 Cal. Rptr. 385 (1972), also adopted a quantum meruit rule. That court carefully analyzed those factors which distinguish the attorney-client relationship from other employment situations and concluded that a discharged attorney should be limited to a quantum meruit recovery in order to strike a proper balance between the client's right to discharge his attorney without undue restriction and the attorney's right to fair compensation for work performed. The Fracasse court sought both to provide clients greater freedom in substituting counsel and to promote confidence in the legal profession while protecting society's interest in the attorney-client relationship.
Contrary to the New York rule, however, the California court also held that an attorney's cause of action for quantum meruit does not accrue until the happening of the contingency, that is, the client's recovery. If no recovery is forthcoming, the attorney is denied compensation. The California court offered two reasons in support of its position. First, the result obtained and the amount involved, two important factors in determining the reasonableness of a fee, cannot be ascertained until the occurrence of the contingency. Second, the client may be of limited means and it would be unduly burdensome to force him to pay a fee if there was no recovery. The court stated that: "[S]ince the attorney agreed initially to take his chances on recovering any fee whatever, we believe that the fact that the success of the litigation is no longer under his control is insufficient to justify imposing a new and more onerous burden on the client." Id. at 792, 494 P.2d at 14, 100 Cal. Rptr. at 390.

Quantum Meruit Rule Limited By The Contract Price
The third rule is an extension of the second that limits quantum meruit recovery to the maximum fee set in the contract. This limitation is believed necessary to provide client freedom to substitute attorneys without economic penalty. Without such a limitation, a client's right to discharge an attorney may be illusory and the client may in effect be penalized for exercising a right.
The Tennessee Court of Appeals, in Chambliss, Bahner & Crawford v. Luther, *1021 531 S.W.2d 108 (Tenn. Ct. App. 1975), expressed the need for limitation on quantum meruit recovery, stating: "It would seem to us that the better rule is that because a client has the unqualified right to discharge his attorney, fees in such cases should be limited to the value of the services rendered or the contract price, whichever is less." 531 S.W.2d at 113. In rejecting the argument that quantum meruit should be the basis for the recovery even though it exceeds the contract fee, that court said:
To adopt the rule advanced by Plaintiff would, in our view, encourage attorneys less keenly aware of their professional responsibilities than Attorney Chambliss, ... to induce clients to lose confidence in them in cases where the reasonable value of their services has exceeded the original fee and thereby, upon being discharged, reap a greater benefit than that for which they had bargained.
531 S.W.2d at 113. Other authorities also support this position.[*]

Conclusion
We have carefully considered all the matters presented, both on the original argument on the merits and on rehearing. It is our opinion that it is in the best interest of clients and the legal profession as a whole that we adopt the modified quantum meruit rule which limits recovery to the maximum amount of the contract fee in all premature discharge cases involving both fixed and contingency employment contracts. The attorney-client relationship is one of special trust and confidence. The client must rely entirely on the good faith efforts of the attorney in representing his interests. This reliance requires that the client have complete confidence in the integrity and ability of the attorney and that absolute fairness and candor characterize all dealings between them. These considerations dictate that clients be given greater freedom to change legal representatives than might be tolerated in other employment relationships. We approve the philosophy that there is an overriding need to allow clients freedom to substitute attorneys without economic penalty as a means of accomplishing the broad objective of fostering public confidence in the legal profession. Failure to limit quantum meruit recovery defeats the policy against penalizing the client for exercising his right to discharge. However, attorneys should not be penalized either and should have the opportunity to recover for services performed.
Accordingly, we hold that an attorney employed under a valid contract who is discharged without cause before the contingency has occurred or before the client's matters have concluded can recover only the reasonable value of his services rendered prior to discharge, limited by the maximum contract fee. We reject both the traditional contract rule and the quantum meruit rule that allow recovery in excess of the maximum contract price because both have a chilling effect on the client's power to discharge an attorney. Under the contract rule in a contingent fee situation, both the discharged attorney and the second attorney may receive a substantial percentage of the client's final recovery. Under the unlimited quantum meruit rule, it is possible, as the instant case illustrates, for the attorney to receive a fee greater than he bargained for under the terms of his contract. Both these results are unacceptable to us.
*1022 We further follow the California view that in contingency fee cases, the cause of action for quantum meruit arises only upon the successful occurrence of the contingency. If the client fails in his recovery, the discharged attorney will similarly fail and recover nothing. We recognize that deferring the commencement of a cause of action until the occurrence of the contingency is a view not uniformly accepted. Deferral, however, supports our goal to preserve the client's freedom to discharge, and any resulting harm to the attorney is minimal because the attorney would not have benefited earlier until the contingency's occurrence. There should, of course, be a presumption of regularity and competence in the performance of the services by a successor attorney.
In computing the reasonable value of the discharged attorney's services, the trial court can consider the totality of the circumstances surrounding the professional relationship between the attorney and client. Factors such as time, the recovery sought, the skill demanded, the results obtained, and the attorney-client contract itself will necessarily be relevant considerations.
We conclude that this approach creates the best balance between the desirable right of the client to discharge his attorney and the right of an attorney to reasonable compensation for his services. With this decision, we necessarily recede from our prior decision in Goodkind v. Wolkowsky. This decision has no effect on our Kelner decision concerning completed contracts, whether contingent, fixed fee, or mixed. We find the district court of appeal was correct in limiting the quantum meruit award to the contract price, and its decision is approved.
It is so ordered.
SUNDBERG, C.J., and BOYD and ALDERMAN, JJ., concur.
ADKINS and McDONALD, JJ., dissent.
NOTES
[*] For example, Corbin on Contracts, in the chapter dealing with restitution, cites the quantum meruit rule with this limitation with approval. Contracts § 1102 (1980 Supp.) at 207-08. Another commentator stated: "The protection afforded to the client becomes illusory if the discharged attorney's recovery on quantum meruit exceeds the contract price." Note, Limiting the Wrongfully Discharged Attorney's Recovery to Quantum Meruit  Fracasse v. Brent, 24 Hastings L.Rev. 771, 774 (1973). This comment also appeared in a recent article: "In New York, discharge of an attorney cancels the contract of employment. Thus an attorney can recover the full value of his services, even if it exceeds the contract price. This holding defeats the policy against penalizing the client for exercising his right to discharge an attorney, because he essentially is forced to pay damages for exercising a right." Note, Attorney's Right to Compensation When Discharged Without Cause From a Contingent Fee Contract  Covington v. Rhodes, 678 Wake Forest L.Rev. 677, 689-90 (1979).