## SELESKE, et al. v SANDSTROM, etc., et al.

### Case No. 84-3189 DA

Seventeenth Judicial Circuit, Broward County

December 6, 1985

### APPEARANCES OF COUNSEL

**Frederick C. Heidgerd, Heidgerd & Martin, P.A.,** for plaintiffs.

**Ray Sandstrom, Sandstrom & Haddad,** for defendants.

### OPINION OF THE COURT

ROBERT C. SCOTT, Circuit Judge.

This is a suit by former clients, who are brothers against their former attorneys and a counterclaim by the latter against the former.

The plaintiffs, GREGORY SELESKE and RONALD SELESKE retained the defendants, RAY SANDSTROM and FRED HADDAD to represent them in criminal actions in which they had been charged with felonies. There was no written contract or memorandum of employment.

Defendants contend that the agreed fee for the defense of the defendants was $15,000.00. No money was paid by plaintiffs to defendants as a fee for plaintiff's services.

It is very significant to note that, shortly after the criminal proceedings were commenced, the City of Fort Lauderdale instituted forfeiture proceedings[1] against personal property of the defendants wherein it sought to forfeit:

1. 1980 Wellcraft, Nova, 250 (a boat)

2. The sum of $25,156.00 in cash.

3. Other miscellaneous personalty.

Defendants advised plaintiffs that the chance of recovery of any property claimed by the City of Fort Lauderdale was, indeed, very slim. However, defendants suggested to plaintiffs that a defense should be raised to the forfeiture proceedings lest it appear that the plaintiffs, by their default, were "tacitly" admitting the ownership of the seized property and that such tacit admission might resound to their detriment in the criminal proceedings.

Accordingly, plaintiffs assigned their interests in the seized property to defendants.

Defendants contend that the parties agreed any seized property which was recovered by defendants' efforts, would belong to defendants *without any abatement of the $15,000.00 fee.*

In other words, defendants would be entitled to whatever, if anything, it could recoup from the City of Fort Lauderdale *plus* the sum of $15,000.00!

Plaintiffs subsequently discharged defendants and obtained other counsel.

At this juncture it is noteworthy that defendants and the parties' expert witnesses[2] are highly regarded attorneys who devote most of their practice to criminal law.

---

[1] See Cause No. 81-4298 CA.

[2] Edward McGee, Esq., for the plaintiffs and Charles J. Rich, Esq., for the defendants.

Prior to defendants' discharge, defendants had, in the criminal proceedings, filed and served demands for discovery and a Motion to Dismiss.

Plaintiffs' expert, Mr. McGee, testified that the value of the services performed by defendants, prior to being discharged was $3,000.00 if measured on a quantum meruit scale.

Defendants submit that quantum meruit has little or no application to a fee in a criminal proceeding and that *Rosenberg v. Levin*, 409 So.2d 1016 (Fla. 1982)[3] only applies to civil actions.

Defendants and their expert, Mr. Rich, testified that, at least according to local practice, there is no abatement or partial refund of a retainer in a criminal case upon the discharge of a retained attorney.

Defendants, in their analysis of fees for legal services in criminal actions place great weight on that portion of DR 2-106(B) which reads:

". . . Factors to be considered in determining the reasonableness of a fee include the following:

. . . . . . . . . . .

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer."

Defendants contend that the impact upon lawyers' time in criminal cases is much greater than the impact in civil cases. Further, that the constraints of time on criminal cases inhibit lawyers who practice criminal law to a greater extent than lawyers who labor in the vineyards of civil law.

The court, however, opines that "quantum meruit" and *Rosenberg* (supra) apply to fees in criminal actions as well as civil actions.

Also, the recovery by defendants of substantial assets in the forfeiture proceedings must be set off against the defendants' fee in the criminal proceedings. While one action is criminal and one is civil they are certainly inextricably woven together in view of plaintiff's assignment to defendants of their rights in and to the seized property.

The matter of a prohibited contingent fee in the criminal action.[4] The application of monies or property recouped in a forfeiture proceed-

---

[3] The cited case is authority for the proposition that a lawyer who is discharged without cause is entitled to the reasonable value of his services on the basis of quantum meruit.

[4] See Page 1 of Defendants' Pre-Trial Catalog.

ings[5] to the fee due in a criminal proceeding does not make a fee contingent.

The court being advised, it is

ADJUDGED that upon consideration of defendants' receipt of the Wellcraft Nova, 250, the sum of $3,000.00 in cash and $2,490.09 insurance proceeds less the sum of $3,000.00 as the quantum meruit value of defendants' services, the defendants were over-compensated by $12,409.09. It is further ADJUDGED that plaintiffs recover from defendants the sum of $12,490.09 for which let execution issue. It is further ADJUDGED that defendants take nothing by their counter-claim and that plaintiffs go hence without day. The Clerk of the court shall remit to plaintiff's attorney the amount of the cost bond heretofore posted.

ORDERED at Fort Lauderdale, Florida on December 6, 1985.

---

[5] If any monies or property are recovered.