528 So.2d 539 (1988)
Jonathan R. BOYETTE, an Incompetent, by Betty L. BOYETTE, Guardian of His Person and Property, Appellant,
v.
MARTHA WHITE FOODS, INC., a Tennessee Corporation, Doing Business As Dixie Lily, Roger Dean Watson and Craig F. Hall, Lienor/Appellee.
No. 87-880.
District Court of Appeal of Florida, First District.
July 21, 1988.
*540 Michael J. Korn of Christian, Prom, Korn & Zehmer, Fred M. Abbott, Jacksonville, for appellant.
Craig F. Hall of Hall & Hall, P.A., Gainesville, for lienor/appellee.
NIMMONS, Judge.
This is an appeal from an order awarding an attorney's fee to appellee/Craig F. Hall for services rendered to appellant prior to Hall's discharge. Hall had been retained by the guardian, Betty L. Boyette, to investigate, prepare and prosecute a tort claim arising out of an automobile accident in which her son, Jonathan R. Boyette, was injured. Prior to the filing of the complaint, the guardian discharged Hall as counsel and retained other counsel. After suit was filed on behalf of appellant, Hall filed therein a notice claiming a lien for attorney's fees and costs against any recovery obtained on behalf of appellant.
Subsequently, the personal injury suit was settled. The trial court approved the settlement but retained jurisdiction to determine the amount to which Hall was entitled as an attorney's fee under his charging lien. The issues were narrowed via a stipulation whereby the parties stipulated that Hall had expended 53 hours in and about the representation of appellant, that such time was reasonable and appropriate, that a reasonable hourly rate was $100, and that Hall had been reimbursed for all out-of-pocket expenditures which he had paid. The parties further agreed that the sole issue was one of law in regard to the application of the "lodestar formula" adopted by Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). The specific issue was whether the contingency risk multiplier  the last step in the application of the lodestar formula under Rowe  could be applied in a case such as this. Plaintiff/appellant conceded in the court below that, in the event it was determined by the court to be proper to apply that step of the formula, the highest contingency risk multiplier (the factor of 3) was applicable. Application of such multiplier would result in a total fee of $15,900.00. Otherwise, as the parties stipulated, the fee would be $5,300.
After a hearing in which the court heard arguments by the attorneys, the court entered the appealed order which applied the contingency risk multiplier and ordered payment of the sum of $15,900 as a reasonable attorney's fee.
We hold that the trial court's order applying the lodestar formula's contingency risk multiplier is contrary to the spirit and holding of Rosenberg v. Levin, 409 So.2d 1016 (Fla. 1982). In Rosenberg, the agreement between the lawyer (subsequently discharged) and his client provided for a $10,000 fixed fee plus a contingent fee equal to fifty percent of all amounts recovered in excess of $600,000. After the premature discharge of the lawyer, the case was subsequently settled for the sum of $500,000. The trial court ruled that the lawyer's entitlement to a fee was not limited to the $10,000 fixed fee agreement but that he was instead entitled to a $55,000 fee on a quantum meruit basis. The Supreme Court disagreed with the trial court, holding that Rosenberg's fee would be limited to the lesser of the $10,000 sum fixed *541 under the agreement or the reasonable value of his services based upon a quantum meruit theory, whichever was less. In adopting what it referred to as the "modified quantum meruit rule," the Court attempted to strike a proper balance between the client's right to discharge his attorney without undue restriction and the attorney's right to fair compensation for work performed. The Court stated:
[W]e hold that an attorney employed under a valid contract who is discharged without cause before the contingency has occurred or before the client's matters have concluded can recover only the reasonable value of his services rendered prior to discharge, limited by the maximum contract fee. We reject both the traditional contract rule and the quantum meruit rule that allow recovery in excess of the maximum contract price because both have a chilling effect on the client's power to discharge an attorney. Under the contract rule in a contingent fee situation, both the discharged attorney and the second attorney may receive a substantial percentage of the client's final recovery. Under the unlimited quantum meruit rule, it is possible, as the instant case illustrates, for the attorney to receive a fee greater than he bargained for under the terms of his contract. Both these results are unacceptable to us.
We further follow the California view that in contingency fee cases, the cause of action for quantum meruit arises only upon the successful occurrence of the contingency. If the client fails in his recovery, the discharged attorney will similarly fail and recover nothing.
Id. at 1021, 1022. This court's earlier decision in Sohn v. Brockington, 371 So.2d 1089 (Fla. 1st DCA 1979) is consistent with Rosenberg.
Rowe did not involve application of the lodestar formula to the determination of a fee for a prematurely discharged attorney and there is nothing in Rowe to suggest that the Supreme Court intended to recede from its earlier Rosenberg pronouncements regarding the propriety of factoring in the contingent feature of the fee contract of the discharged attorney. Lest we be misunderstood, we expressly state that it is quite proper for the trial court to apply the Rowe lodestar approach in determining a reasonable fee for a discharged attorney. See Barton v. McGovern, 504 So.2d 457 (Fla. 1st DCA 1987). The error occurs when the formula's contingency risk multiplier is used in that setting.
We have also examined Riesgo v. Weinstein, 523 So.2d 752 (Fla. 2nd DCA 1988), a contingent fee contract case in which a fee award to a discharged attorney was reversed and remanded for a new hearing and an order consistent with Rowe and Barton. The issue in Riesgo dealt with factors affecting the amount of the attorney's fee other than the contingency risk multiplier.[1]
The order appealed is reversed and the cause is remanded for the entry of an order awarding a fee of $5,300.[2]
THOMPSON and BARFIELD, JJ., concur.
NOTES
[1] We align ourselves with the Second District in applying Rowe regardless of whether the awarded attorney's fees are based on statute or contract. See Riesgo, 523 So.2d at 754; Freedom Savings & Loan Association v. Biltmore Construction Company, Inc., 510 So.2d 1141, 1142 (Fla. 2nd DCA 1987); contra Stabinski, Funt & De Oliveira P.A. v. Alvarez, 490 So.2d 159 (Fla. 3rd DCA 1986), review den. 500 So.2d 545 (Fla. 1986).
[2] Unlike the situation in Barton and Riesgo, the parties' previously mentioned stipulation, together with this court's disposition of the issue presented herein, make unnecessary any further proceedings in or findings by the lower court.