LEHAN, Acting Chief Judge.
We affirm the summary judgment which ruled that plaintiff attorney was not entitled to a fee for his services for defendants in an action which he had brought on their behalf under a contingent fee contract and which they had voluntarily dismissed without a recovery after he had performed substantial services. See Rosenberg v. Levin, 409 So.2d 1016 (Fla.1982).[1] See also Sawaya, Attorney’s Right to Compensation When Prematurely Discharged Without Cause, 63 Fla. B.J. 23 (Feb.1989).
While Rosenberg permitted an attorney’s fee under circumstances which included those of this case recited hereinabove, there was in that case the additional factor that the contingent fee contract provided for a fixed fee plus a contingency based upon a percentage of the amount recovered over and above a certain figure. It was that fixed fee which was permitted in that case where the ultimate recovery did not exceed that certain figure. On the other hand, in this case there was no fixed fee contracted for and no recovery.
A rationale of the Third District Court of Appeal in Rosenberg which was adopted by the Florida Supreme Court was that “recovery could in no event exceed the amount which the attorney[] would have received under [his] contract if not prematurely discharged.” 409 So.2d at 1018, 1022. In the case at hand there is no showing that the attorney would have received anything under his contract if he had not been discharged. As the supreme court said in Rosenberg, “[I]n contingency fee cases, the cause of action for quantum meruit arises only upon the successful occurrence of the contingency.” Id. at 1022. In this regard the supreme court adopted the California view, id. at 1022, which, earlier in the Rosenberg opinion, is characterized as being that “[i]f no recovery is forthcoming, the attorney is denied compensation.” Id. at 1020. There was in this case no “successful occurrence of the contingency.” ■ He was to receive a fee only as a percent *498 age of a recovery, and there was no recovery.
Also, there apparently was no showing that there will never be a recovery. The statute of limitations on defendants’ cause of action forming the basis for the voluntarily dismissed action has not run, and it has not been established that defendants would not undertake to refile the suit.
While this result may seem harsh to the attorney, it is, we conclude, called for by principles announced in Rosenberg. We do not agree with the attorney that Rosenberg has no application here. The broad issue in that case was the same as that involved here. As Rosenberg said, “The issue to be decided concerns the proper basis for compensating an attorney discharged without cause by his client after he has performed substantial legal services under a valid contract of employment.” Id. at 1017. Also, we believe that, on balance and from the standpoint of the inextricably interrelated interests of the legal profession and society as a whole, this result is just for two reasons. First, the client’s “freedom to discharge,” the preservation of which was a “goal” of the Rosenberg opinion (which also referred to the “desirable right of the client to discharge his attorney,” id. at 1022), is protected.[2] This reflects what Rosenberg notes as the New York view that “there is an implied condition in every attorney-client contract that the client may discharge the attorney at any time with or without cause.” Id. at 1020. Second, the attorney drew the fee contract and could have, but did not, provide for a fee to be payable under the circumstances of this case, as did the attorneys in Rosenberg under the circumstances of that case. “[T]he attorney agreed initially to take his chances on recovering any fee whatever-” 409 So.2d at 1020 (quoting Fracasse v. Brent, 6 Cal.3d 784, 792, 494 P.2d 9, 14, 100 Cal.Rptr. 385, 390 (1972)).
AFFIRMED.
THREADGILL and ALTENBERND, JJ., concur.

. Although the attorney's contract for pursuing a claim for injuries to appellees' minor child was signed only by defendant, Harold T. Harts-horn, the husband, and not by defendant, Christine T. Hartshorn, the wife, the wife authorized the filing of the suit which was subsequently voluntarily dismissed, and there was other evidence indicating that she was considered a party to the contract. We do not conclude that the trial court erred in so considering her under the circumstances of this case. We therefore find no error in the trial court’s implicit determination that the contract was to cover attorney’s fees for the representation of defendants.

. Although the desirability of the right of the client to discharge his attorney is apparently grounded upon the recognition that a client may become dissatisfied with his attorney, 409 So.2d at 1019, and in this case evidently the clients voluntarily dismissed their suit and their attorney for reasons unconnected with any dissatisfaction with him, that should not affect the outcome of this case. The policy behind the right of a client to discharge his attorney makes no exception for discharge without cause. 409 So.2d at 1020. If it did, for one thing, these cases could potentially become bogged down in disputes similar to those in the multitudes of criminal cases involving whether a defendant received effective assistance of counsel.