PER CURIAM.
This case involves a dispute as to fees between an attorney and a former client after the attorney was discharged and a settlement was secured for the client by a successor attorney. We reverse and remand for reconsideration by the trial court of the *1072 amount of attorney’s fees due and the method by which such fees are to be determined.
In determining fees the trial court expressly applied the decision in Boyette v. Martha White Foods, Inc., 528 So.2d 539 (Fla. 1st DCA), rev. denied, 538 So.2d 1255 (Fla.1988). Boyette held that:
1. The method set out in Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), applies to fee disputes between clients and discharged attorneys in personal injury cases;
2. However, no contingency risk multiplier factor shall be applied to such disputes.
Contrary to Boyette, this court recently held in Faro v. Romani, 629 So.2d 872 (Fla. 4th DCA 1993), that Rowe does not apply to fee disputes between discharged attorneys and former clients. See also Schwartz, Gold & Cohen, P.A. v. Streicher, 549 So.2d 1044 (Fla. 4th DCA 1989). Instead, this court held in Faro that the broad parameters set out in Rosenberg v. Levin, 409 So.2d 1016 (Fla.1982), should be applied.
In order to resolve these types of disputes, both sides suggest formulas that are much more structured than the broad guidelines of Rosenberg. However, recognizing that we are bound by the holding in Rosenberg, and that we have already rejected the holding in Boyette that Rosenberg is simply a version of Rowe without the contingency risk multiplier, we resist the invitation to reformulate or restate the holding in Rosenberg. Suffice it to say that the trial court must apply Rosenberg and not Rowe or Boyette upon remand.
Because the parties have already created an extensive record at a hearing before the trial court, we leave it to the trial court’s discretion to determine whether any further evidentiary hearing is needed, or if the matter can be resolved on the existing record.
Accordingly, we reverse and remand for further proceedings consistent herewith.
ANSTEAD, WARNER and PARIENTE, JJ., concur.