24474

Hazel S. GETZEN, Respondent/Appellant v. LAW OFFICES OF JAMES M. RUSS, P.A., and James M. Russ, individually, Defendants, of whom Law Offices of James M. Russ, P.A., is Appellant/Respondent. LAW OFFICES OF JAMES M. RUSS, P.A., Appellant/Respondent v. Hazel S. GETZEN, Lela H. Getzen, and Federal Paper Board Co., Inc., Defendants, of whom Hazel S. Getzen, is Respondent/Appellant.

(475 S.E. (2d) 743)

Supreme Court

*Thomas E. Lydon,* of *Griffin & Lydon, L.L.P.,* Columbia, *for appellant/respondent.*

*Henry Summerall, Jr.,* of *Summerall & Bailey, P.A.* Aiken, *for respondent/appellant.*

*James D. Nance,* Aiken, *for defendant Lela H. Getzen.*

*Kenneth W. Fish,* Greenwood, *for defendant Federal Paper Board.*

Heard May 22, 1996.

Decided Aug. 12, 1996.

BURNETT, Justice:

Respondent-Appellant Hazel S. Getzen (Mrs. Getzen) appeals from the order of the circuit court awarding appellant-respondent Russ[1] attorney's fees of $33,062. Russ appeals from the same order, claiming he is entitled to attorney's fees of $170,093 under the parties' Contract for Legal Services. We affirm in part, reverse in part, and remand.

## FACTS

In July 1991, Mrs. Getzen and her son John (John) hired Russ to represent John on federal drug and conspiracy charges. Mrs. Getzen, John, and Russ reside in Florida.

Mrs. Getzen and John signed a Contract for Legal Services with Russ in which they agreed to pay Russ $300 an hour for his legal work, certain hourly fees for work performed by his staff,[2] and costs and expenses, up to $350,000. John signed the Contract for Legal Services as the client and Mrs. Getzen

---

[1] Law Offices of James M. Russ, P.A., and James M. Russ will be referred to collectively as Russ.

[2] For example, Russ' paralegal billed at the rate of $100 per hour.

signed the Contract for Legal Services "individually and as Guarantor." Additionally, Mrs. Getzen executed a guaranty of payment and issued Russ a mortgage on her one-half interest in property in Edgefield County, South Carolina. Before executing these three documents, Mrs. Getzen had the documents reviewed by another attorney. Mrs. Getzen and John paid Russ a $50,000 nonrefundable retainer. According to the Contract for Legal Services, Russ was to represent John through appeal.

Although Russ told John that he would probably be found guilty of at least one charge and that he was facing a mandatory minimum sentence of ten years to life imprisonment, John refused to plead guilty and went to trial with several other co-defendants in October 1991. After a three-week jury trial, John was convicted of conspiracy and possession with intent to distribute 5,000 pounds of marijuana.[3] To that point, Mrs. Getzen had paid Russ $94,500 in attorney's fees and expenses, including the $50,000 retainer. Russ billed Mrs. Getzen an additional $130,145. Disputing the additional bill, John discharged Russ before he was sentenced.[4] The parties agree the discharge was without cause.

Thereafter, Mrs. Getzen filed an action seeking to void the guaranty and mortgage she had given Russ. Before he received Mrs. Getzen's complaint, Russ filed and action to foreclose on the guaranty and mortgage. The cases were consolidated.

During the nonjury trial, Mrs. Getzen's witnesses testified the attorney's fees Russ was attempting to collect were excessive and unreasonable. They suggested Russ had "churned" John's file in order to produce more billable time. Russ' witnesses testified Russ' $300 hourly rate was not excessive and that Russ had not "padded" John's file to increase the time spent on the case. By the end of the hearing, Russ sought a total of $170,093 as the unpaid balance due for his representation of John.

The parties agreed that Florida law governs the attorney's fee issue in this matter. The trial judge held that Florida law required the application of "modified quantum meruit" and

---

[3] The other co-defendants were also convicted on all charges.

[4] Represented by another attorney, John was sentenced to seventeen years' imprisonment under the Federal Sentencing Guidelines.

that Russ was entitled to an additional $33,062 in attorney's fees for his representation of John. The trial judge refused to allow Russ to submit an application for attorney's fees and expenses incurred by him in this action to collect the unpaid attorney's fees and costs for his representation of John.

## ISSUES

I. Did the trial court err by holding that "modified quantum meruit" applies where the Contract for Legal Services provides for hourly rates?

II. Did the trial court err by failing to consider the "totality of the circumstances," and thereby incorrectly require Mrs. Getzen to pay an additional $33,062 in attorneys' fees?

III. Did the trial court err by maintaining that the guaranty and mortgage were enforceable even though it held the underlying Contract for Legal Services was unenforceable?

IV. Did the trial court err by refusing to allow Russ to submit an application for recovery of his attorney's fees and costs incurred in this litigation?

## DISCUSSION

### I

Russ argues the trial court erred by applying "modified quantum meruit" to determine his appropriate compensation. We agree.

In *Rosenberg v. Levin*, 409 So. (2d) 1016 (Fla. 1982), the Florida Supreme Court considered the methods by which a court could determine the appropriate amount of fees which should be awarded to an attorney who is discharged without cause prior to completion of his representation of a client. In *Rosenberg*, the attorney-client contract provided a $10,000 fixed fee, plus a contingent fee of fifty percent of all recovery in excess of $600,000. The client discharged the attorneys without cause and later settled the matter for $500,000. The attorneys sued the client for fees based on a quantum meruit evaluation of their services.

The Florida Supreme Court recognized that both traditional contract rules and quantum meruit rules which allow recovery in excess of the maximum contract price "have a chilling effect on the client's power to discharge an attorney." *Id.* at 1021. Consequently, in an effort to balance the need of a

client to discharge his attorney without economic penalty when he loses confidence in the attorney, with the attorney's right to adequate compensation for work performed, the Florida Supreme Court adopted the modified quantum meruit method of compensation in premature discharge cases. According to the Florida Supreme Court, this method provides a lawyer with recovery of the reasonable value of his services, limited to the maximum fee set forth in the parties' contract.

However, the rationale for the application of modified quantum meruit is not present when the attorney-client contract specifies an hourly rate. After agreeing on an hourly rate, the client has the freedom to discharge the lawyer without incurring an economic penalty because the attorney is only due fees for services performed prior to his discharge. Moreover, the lawyer is compensated for the work actually performed prior to the discharge at the rate agreed upon at the initiation of representation. Accordingly, we hold that the trial judge erred in finding the Florida Supreme Court would apply the modified quantum meruit method of compensation under the facts of this case.

## II

Mrs. Getzen argues that in computing the reasonable value of Russ' services under modified quantum meruit, the trial court erred by failing to consider the "totality of the circumstances" surrounding the attorney-client relationship and, therefore, incorrectly required her to pay an additional $33,062 in attorney's fees. Because we hold modified quantum meruit inapplicable, we need not address this issue.

Nonetheless, The Rules Regulating the Florida Bar provide that contracts for attorney's fees will ordinarily be enforced unless they are clearly excessive. 35 Fla. Stat. Ann. Rule 4-1.5(d) (Supp. 1996). An attorney's fee is clearly excessive if, after a review of the facts, it exceeds a reasonable fee for the services. Rule 4-1.5(a)(1). In computing a reasonable attorney's fee, eight factors are considered.[5] These are the factors which were considered by the trial

---

[5] In *Searcy, Denney, Scarola, Barnhart & Shipley, P.A. v. Poletz,* 652 So. (2d) 366 (Fla. 1995), the Florida Supreme Court stated that the eight factors set forth in The Rules Regulating the Florida Bar provide a good starting point by which to determine an award which is fair to both the client and the

judge in computing the fee of $33,062.

The trial judge considered the totality of the circumstances in computing the reasonable value of Russ' services. The order contains a thorough discussion of the parties' fee agreement, John and Mrs. Getzen's understanding of the fee agreement, the extent and nature of the advice given by Russ to John (including the unlikely chance of acquittal), Russ' trial strategy and the reasonableness of this strategy, the complexity of the criminal case and the extent of John's involvement in the drug conspiracy, and the limited time in which Russ had to prepare for trial. In addition, the order addresses the reasonableness of Russ' hourly fee compared to that of other criminal defense attorneys in the Orlando, Florida, area and in consideration of Russ' own experience and credentials, the unreasonable charge for paralegal services, and the somewhat excessive and duplicitous work performed by Russ.

■ The trial judge's decision awarding Russ $33,062 in attorney's fees is supported by the preponderance of the evidence. In concluding that Russ was only entitled to an additional $33,062, the trial judge likewise determined that the remaining $137,031 sought by Russ was clearly excessive. We agree. *Ex parte Stevens, Stevens & Thomas, P.A.*, 277 S.C. 150, 283 S.E. (2d) 444 (1981) (an action involving a claim for professional fees by an attorney is one in equity); *Doe v. Clark*, — S.C. —, 457 S.E. (2d) 336 (1995) (on appeal of an action in equity tried by the judge alone, the Supreme Court has jurisdiction to find facts in accordance with its own view of the preponderance of the evidence). Accordingly, we affirm the trial judge's award of $33,062 to Russ. *Cherry v. Thomasson*, 276 S.C. 524, 280 S.E. (2d) 541 (1981) (while this Court may find facts in accordance with its own view of the preponderance of the evidence in an appeal of an equitable action tried by a judge alone, this scope of review does not require the Supreme Court to disregard the findings of the trial judge or to ignore the fact that the trial judge was in a better position to evalu-

---

attorney. These factors include, among others, the time and labor required, the responsibility involved in the representation, the fee customarily charged in the locality for comparable services, the results obtained, the experience, reputation, and ability of the lawyer, the efficiency of effort reflected in the actual provision of the legal services, and the attorney-client contract itself. 35 Fla. Stat. Ann. Rule 4-1.5(d) (Supp. 1996).

ate the credibility of the witnesses; furthermore, it does not relieve the appellant from the burden of convincing this Court that the trial judge committed error in his findings).

### III

Mrs. Getzen contends that because the trial judge found the underlying Contract for Legal Services unenforceable, he erred by concluding that the guaranty and mortgage were enforceable. We disagree. Because we hold the Contract for Legal Services enforceable, we decline to address this issue.

### IV

Finally, Russ argues the Contract for Legal Services guaranty, and mortgage expressly entitle him to attorney's fees and expenses incurred in the collection of any amounts due. Consequently, Russ contends the trial court erred by refusing to allow him to submit an application for attorney's fees and expenses. We agree.

The Contract for Legal Services, guaranty, and mortgage each provide that Mrs. Getzen will pay the costs and attorney's fees incurred by Russ in enforcing the three documents. Even though the trial judge did not enforce the Contract for Legal Services, he held Russ was entitled to $33,062 in attorney's fees pursuant to modified quantum meruit. Therefore, under the terms of the guaranty alone, Mrs. Getzen is responsible for the costs and attorney's fees Russ incurred to obtain the $33,062. *See Blumberg v. Nealco*, 310 S.C. 492, 427 S.E. (2d) 659 (1993) (attorney's fees and costs are recoverable if specified by contract or statute).

Moreover, because we hold the Contract for Legal Services enforceable, Mrs. Getzen is likewise responsible under the terms of that document for costs and attorneys' fees incurred by Russ in enforcing the Contract. Accordingly, the trial judge erred by refusing to allow Russ to submit an application for attorney's fees and expenses incurred in attempting collection of attorney's fees and costs incurred in the underlying litigation. Therefore, we remand this matter to the trial court to consider Russ' application for attorney's fees and costs.

Affirmed in part, reversed in part, and remanded.

FINNEY, C.J., and TOAL, MOORE and WALLER, JJ., concur.