KELLY, Judge.
Morgan & Morgan, P.A., appeals from the order which denies it an award of attorney’s fees for services rendered on behalf of Larry McKean. Because the trial court failed to apply the appropriate legal standard to determine an award of fees under a quantum meruit theory, we reverse and remand for further proceedings.
This suit arose when Beth Brockmann filed a sworn petition in the trial court seeking a determination of the amount of attorney’s fees due to Morgan & Morgan for legal services rendered on behalf of her brother, Larry McKean. According to the petition, Mr. McKean was severely injured in a motorcycle accident. Ms. Brockmann contacted Morgan & Morgan seeking representation in the case. She signed a contingency fee agreement the law firm had sent her by way of a “runner.” Within four weeks, Morgan & Morgan obtained a settlement with the insurance company for the policy limits. Ms. Brockmann was appointed her brother’s guardian a week after the settlement was reached. Thereafter, Ms. Brockmann “became dissatisfied with the services of Morgan & Morgan” and refused to sign any further agreements in her capacity as guardian. She claimed that the contingency fee agreement she previously signed was invalid and asked the court to “determine the fees due to Morgan & Morgan on a quantum meruit basis.”
The trial court found that a valid contingency fee contract did not exist and held a *577 hearing to determine reasonable fees under a quantum meruit theory. Thereafter, the court entered an order denying any fees. In its order, the court recognized that law firms normally operating under contingency fee agreements are not accustomed to keeping accurate time records because of the nature of the practice; nonetheless, the court found that the lack of evidence of the time spent on the case was fatal to an award of fees. Specifically, the trial court found:
[T]here has not been enough evidence that this Court can set a fee based on evidence when there were no time records; there was [no] attempt to re-create the amount of time; the testimony and case manager who handled the file could say “well we had [ ] 80 hours or we had 20 hours” but they could not be more specific than that or at least didn’t in their testimony. Mr. Gaeta’s[1] testimony was that of how a normal personal injury lawyer would handle the fee but again had no idea of the actual time involved. Without some specificity of time in much more detail than what was given to this Court at this hearing, it is hereby
ORDERED AND ADJUDGED that there is no basis for making the award and the Motion for Attorney Fees on the basis of quantum [meruit] is hereby denied.
On appeal, Morgan & Morgan argues that the trial court erred in finding that the contingency fee agreement Ms. Brock-mann signed was invalid. Alternatively, Morgan & Morgan argues that even if the agreement was invalid and unenforceable, the trial court erred in denying the firm any fees under a quantum meruit theory.
We affirm without comment the trial court’s finding that a valid contingency fee contract did not-exist and that the determination of fees was therefore proper under a quantum meruit theory. See Chandris, S.A. v. Yanakakis, 668 So.2d 180, 186 n. 4 (Fla.1995) (noting that, even though an attorney cannot claim fees based upon a noncomplying contingency fee agreement, the attorney would still be entitled to the reasonable value of his or her services on the basis of quantum me-ruit). However, we disagree with the trial court’s conclusion that fees could not be awarded solely because Morgan & Morgan did not keep, or attempt to recreate, accurate time records. Although time spent on a case is one factor to be considered under a quantum meruit theory, the trial court must consider “the totality of the circumstances surrounding the professional relationship” in computing the reasonable value of the services rendered. Rosenberg v. Levin, 409 So.2d 1016, 1022 (Fla.1982).
“Unlike an award of attorney’s fees to a prevailing party, a quantum me-ruit award must take into account the actual value of the services to the client.” Searcy, Denney, Scarola, Barnhart & Shipley, P.A. v. Poletz, 652 So.2d 366, 369 (Fla.1995). “Thus, while the time reasonably devoted to the representation and a reasonable hourly rate are factors to be considered in determining a proper quantum meruit award, the court must consider all relevant factors surrounding the professional relationship to ensure that the award is fair to both the attorney and client.” Id. In Searcy, the court noted that factors which might be considered are actions taken by the attorney or client before or after discharge, and the benefit actually conferred on the client. Id. The weight to be given various factors and the ultimate determination as to the amount to *578 be awarded are matters left up to the sound discretion of the court. Id.
“The basis for a quantum meruit award is essentially an equitable one. One person should not benefit from the work efforts of another under circumstances where the person doing the work has the reasonable expectation of being paid by the person benefitted, and the person ben-efitted has a reasonable expectation of paying for the work.” Hallowes v. Bedard, 877 So.2d 953, 957 (Fla. 5th DCA 2004). In this case, the appellee’s reasonable expectation of paying for the work was demonstrated by the filing of the petition asking the court to determine the amount of attorney’s fees due to Morgan & Morgan.
Because the court in this case failed to recognize that it had the discretion to consider factors other than time spent on the case, we reverse and remand for the trial court to reconsider whether to award fees under a “totality of the circumstances” standard. See Searcy, 652 So.2d at 369.
Affirmed in part, reversed in part, and remanded for further proceedings.
WHATLEY, J., and BAUMANN, HERBERT J., Associate Judge, Concur.

. Joseph Gaeta, a personal injury attorney, was the expert witness Morgan & Morgan called to testify about a reasonable fee for the services rendered.