504 So.2d 462 (1987)
Antonio GARCIA, Antonio Developers, Inc., Margarita Garcia and Maran Properties, Inc., Appellants,
v.
Moshe COSICHER, Appellee.
Nos. 86-1112, 86-1868.
District Court of Appeal of Florida, Third District.
March 10, 1987.
Rehearing Denied April 15, 1987.
Sparber, Shevin, Shapo, Heilbronner & Book and Ronald A. Shapo, for appellants.
Horton, Perse & Ginsberg and Mallory H. Horton, Steinberg & Merlin, for appellee.
Before BARKDULL, HUBBART and DANIEL S. PEARSON, JJ.
PER CURIAM.
This is an appeal from a final judgment finding, inter alia, that Moshe Cosicher, an architect, had substantially complied with the terms of the contract between himself and the appellants, Antonio Garcia and Antonio Developers, Inc., developers, and that he was thereby entitled to payment of his fees and costs, more specifically, "repeat fees for buildings 5 through 10." The developers also appeal an order taxing attorney's fees. We modify the judgment by deducting therefrom the amount of these repeat fees, $148,800, plus the interest added thereon; we reverse the order taxing attorney's fees.
The contract between the parties provided, inter alia, that the architect was to receive a fixed fee of $101,000 for the drawings prepared for the two prototype 155-unit buildings and additional fees of $160.00 per unit for each repeated use of the prototype building drawings. Thus, the repeat fees were $24,800 per building, or slightly less than fifty percent of the $50,500 per building paid for the prototypes. This difference is explained by the fact that although the architect has very little to do in respect to the repeats, he *463 nonetheless is entitled to be paid if his idea  the prototype design  is used. At issue in this case is whether the architect was entitled to repeat fees for the neverbuilt, non-existent buildings 5 through 10.
Under the contract, the conditions precedent to entitlement to repeat fees were (1) "notification of repeat" and (2) "Government Approval." Even if, arguendo, the developers' request to the architect to obtain approval of the prototype building and the overall site plan constituted the necessary "notification of repeat" (a claim about which we have serious doubts), we nevertheless conclude that site plan approval coupled with "Government Approval" of the prototype buildings does not satisfy the requirement of "Government Approval" with respect to the repeat buildings. As the contract plainly states, "Site Plan Approval" is required as a part of Phase One of the contract, that is, the phase dealing with the prototype plans. On the other hand, "Government Approval" is required not only for Phase One of the contract but, separately, for designated "Other Phases" of the contract, including, of course, the repeats. There being no "Government Approval" sought or obtained for buildings 5 through 10, the architect was plainly not entitled to the repeat fees.[1],[2]
Our conclusion that the award of architectural fees to Cosicher cannot stand requires us to likewise conclude that the award of attorney's fees to him, justifiable only under that part of his action to foreclose a mechanic's lien for architectural services,[3] must fall.
The appellants remaining points on appeal are without merit or not preserved for appeal as not having been raised below.
Judgment affirmed as modified; order taxing attorney's fees reversed.
NOTES
[1] It is undisputed in this record that when one seeks to rely on previously approved plans in order to pull a permit, an entire separate set of building plans for the new building (i.e., the "repeat") must be submitted. While the existence of previously approved plans would expedite review and approval by the County, nonetheless, an entirely separate review process would take place as to the new building prior to approval of the building plans for permit issuance. These building plans would have to include not only architectural plans, but also mechanical, electrical and plumbing plans. The architect himself admitted that in order to get building permits for buildings 5 through 10, approvals of the appropriate government agencies would have to be obtained, reprints of previously approved plans would have to be prepared and sealed by the architect and each of the consulting engineers, and these so-called "reprints" would then have to be submitted as the separate plans for the repeat buildings. Moreover, he acknowledged that he did not have signed and sealed mechanical, electrical and structural drawings from the engineers and that he did not reprint, seal and submit copies of the building plans to seek "Government Approval" of buildings 5 through 10.
[2] Nor can an award of architectural fees to Cosicher be justified on a quantum meruit theory in light of the express contract between the parties. Hermanowski v. Naranja Lakes Condominium, 421 So.2d 558 (Fla. 3d DCA 1982).
[3] The appellants posted a surety bond to remove the lien on the property.