UPCHURCH, Chief Judge.
This is an appeal from a final order enforcing an attorney’s charging lien against bonds payable to a survivor in a wrongful death action.
Appellant Smith retained attorney Edward Beshara, appellee, on a thirty-three and one-third percent contingency fee contract, to bring a wrongful death action arising from an accident in which Smith’s son, Michael, had been killed. The contract authorized Beshara “to designate any attorney or employee to perform these services.” On May 16, 1984, Beshara filed a notice of appearance in a pending probate proceeding over the son’s estate. Beshara unsuccessfully sought to have Smith appointed personal representative but instead Smith’s former wife, Sveltana Parker, was appointed because she had custody at the time of the son’s death.
On May 30, 1984, Beshara filed a wrongful death complaint for Smith, individually and as the natural guardian of his daughter Andrejana, who was injured in the same accident. In June, Beshara wrote Smith that he was leaving his present law firm. The new firm that employed Beshara repre *1263 sented the trucking firm which was the defendant in the wrongful death action. Beshara recognized the conflict and moved to withdraw as counsel for Smith, stating:
There is a conflict with Edward Besh-ara’s Esquire, representation of Alexander Smith.... The driver of the vehicle which collided with the children’s car is employed by E.B. Truck Company and the Company’s insuror is represented by the law firm of Pitts, Eubanks, Hilyard, and Marsee ... as of the date of June 14, 1984, Edward C. Beshara, Esq., will become an associate with that law firm and this will result in a conflict.
Attorney James Kelaher was substituted as counsel of record to represent Smith. On August 29, 1984, Parker filed a separate wrongful death action as representative of the estate. Kelaher filed a motion to intervene on behalf of Smith, but the motion was never heard and Smith was never made a party. On January 22, 1985, the wrongful death action was ordered consolidated with another action filed by Parker as guardian of her daughter, Andreja-na, against the same defendants.
On November 18, 1985, trial was commenced on the consolidated cases filed by Parker but before it was concluded Parker settled with the defendants for $300,000. Of this $300,000, $100,000 went to the attorneys representing the estate, $100,000 went to Parker and $100,000 went to Smith as a survivor. An additional sum was recovered for the injury sustained by the daughter which is not subject to this appeal. On December 4, 1985, Beshara filed motions for enforcement of attorney’s fees claiming entitlement to one-third of Smith’s recovery. Beshara claimed that he was entitled to be compensated pursuant to his agreement with Smith.
On December 12, the court awarded Beshara the sum of $21,161 for representing Smith “during the course of the above-styled litigation based on the authority to represent; evidence; result; fairness; and Florida law.” Kelaher was awarded $11,-839 on a quantum meruit theory. Coincidentally, Kelaher’s $11,839 plus the $21,161 awarded to Beshara total $33,000, approximately one-third of Smith’s recovery. Smith does not dispute Kelaher’s entitlement or the amount awarded to him but does dispute the award to Beshara. We conclude that Beshara was improperly awarded attorney’s fees.
Initially Beshara never appeared in the action in which the estate recovered judgment. Smith’s share came to him as a beneficiary of the estate, not as a result of the complaint filed by Beshara. Nothing in the record indicates that the two actions were ever consolidated.
However, of more concern to us is the question of whether Beshara was entitled to anything once he unilaterally terminated his agreement to represent Smith because he had joined the firm representing his client’s opponent. Beshara’s contingency fee arrangement was for one-third of any amount recovered. That agreement terminated when he withdrew and Smith, absent some further agreement or modification, had no further duty or obligation to Besh-ara. The contract was at an end. See Dowda and Fields, P.A. v. Cobb, 452 So.2d 1140 (Fla. 5th DCA 1984) (in order for a charging lien to be imposed there must first be a contract, express or implied, between the attorney and client). Nothing Beshara had done contributed to Smith’s recovery. The situation here is entirely different than where the client terminates the agreement or in some way causes or forces his attorney to terminate representation or the denial of fees in quantum meru-it would result in the unjust enrichment of the client. Rosenberg v. Levin, 409 So.2d 1016 (Fla.1982); Sohn v. Brockington, 371 So.2d 1089 (Fla. 1st DCA 1979). Accordingly, the decision below is REVERSED.
ORFINGER and SHARP, JJ., concur.