652 So.2d 945 (1995)
Philip J. SNYDERBURN, as Receiver of Sunland Mortgage Corporation and Philip J. Snyderburn, P.A., Petitioners,
v.
Honorable John D. MOXLEY, Circuit Court Judge, and Peter Bantock, et al., Respondents.
No. 94-1739.
District Court of Appeal of Florida, Fifth District.
March 31, 1995.
William M. Rishoi, of Snyderburn, Rishoi & Swann, Winter Park, for petitioners.
John Dean Moxley, Jr., Titusville, for respondent.
Barton S. Sacher, P.A., and Perry Ian Cone, of Hornsby, Sacher, Zelman & Stanton, P.A., Miami, Michael H. Kahn, of Michael H. Kahn, P.A., Melbourne, John R. Beranek, of MacFarlane, Ausley, Ferguson & McMullen, Tallahassee, for respondents Peter Bantock, et al.
*946 PER CURIAM.
This is the second appearance of this attorney's fee dispute before this court. In a lengthy opinion, Snyderburn v. Bantock, 625 So.2d 7 (Fla. 5th DCA 1993), review denied, 634 So.2d 622 (Fla. 1994) [Snyderburn I], this court outlined the facts giving rise to the dispute and addressed the issue presented by Snyderburn on appeal. Briefly stated, the issue was whether the lower court had erred in determining that by entering into an agreement to participate in a contingent fee in a lawsuit in which a former client was one of several defendants, Snyderburn had violated his ethical obligation to his client and was thereby equitably denied a charging lien to enforce any rights under the fee agreement. We held that the lower court erred in precluding Snyderburn from recovering any share of the fee generated from settlement monies contributed by those defendants who were not Snyderburn's clients:
[N]either the Bantock plaintiffs, nor their counsel are unfairly prejudiced by enforcement of the fee agreement for a percentage of the settlement monies contributed by anyone other than Padgett and KVP.
Id. at 15.
In the lower court, by memorandum filed prior to entry of the order that was appealed in Snyderburn I, the attorneys contesting Snyderburn for the fee (referred to collectively as "Sacher, Kahn"), argued that Snyderburn had no right to recover under the contingent fee agreement at all. Their contention was that no charging lien was appropriate because Snyderburn had already received more monies than he would be entitled to under the only theory available to him  quantum meruit. The case relied upon by Sacher, Kahn in support of this proposition was Rosenberg v. Levin, 409 So.2d 1016 (Fla. 1982), which addressed the question of "the proper basis for compensating an attorney discharged without cause by his client after he has performed substantial legal services under a valid contract of employment." Id. at 1017. Reliance on Rosenberg seemed to be based on a somewhat amorphous argument that either Snyderburn's waiver was a species of resignation that terminated any rights he had under the agreement or that, because Snyderburn could have been discharged and probably would have been discharged had he not signed the waiver, Sacher, Kahn should not be disadvantaged by their failure to discharge Snyderburn in reliance on his waiver. The effect of a "discharge" ala Rosenberg would be that Snyderburn had no fee agreement rights to protect with a charging lien. The lower court correctly gave short shrift to this argument, ruling that Snyderburn's claim was based solely on the contingent fee agreement and the validity of Snyderburn's waiver of his rights under the agreement:[1]
If the contingent fee dies, no recovery. If it lives, recovery. Issue waiver. Valid waiver or not valid waiver.
The lower court ruled that Snyderburn had proved all the elements of his charging lien, citing to Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom, 428 So.2d 1383 (Fla. 1983).[2]
On appeal, Sacher, Kahn relied again on their Rosenberg argument:
Even if Snyderburn's resignation and waiver was precipitated without good cause  which it was not  Snyderburn would only be entitled to quantum meruit  not the entire contingent fee. See, e.g., Rosenberg v. Levin, 409 So.2d 1016, 1021 (Fla. 1982). Nevertheless, an award of quantum meruit would not be appropriate here, because Snyderburn has already recovered for each and every hour and minute of professional time spent in Bantock v. Whittington. .. .
In their motion for rehearing/rehearing en banc, Sacher, Kahn continued to press the quantum meruit theory:
If Sacher/Kahn and the Bantock Plaintiffs, in defense of Kinsey Vincent Pyle's and Padgett's motion to disqualify counsel (R642-45), had not been able to persuade Snyderburn to execute the waiver of the *947 fee, they could have informed Judge Moxley that they had discharged Snyderburn. Clearly under Smith and Rosenberg, they had a right to dismiss Snyderburn. The waiver which he executed should not strengthen his position.
Sacher, Kahn based their Snyderburn I application for rehearing en banc on what it characterized as "a glaring conflict" with this court's earlier decision in Smith v. Parker, 508 So.2d 1262 (Fla. 5th DCA 1987) and Rosenberg v. Levin because both of those cases held that a client has an unrestricted right to terminate counsel for any reason, which would eliminate any right to recover under the fee agreement. "If the termination is wrongful or simply arbitrary, the attorney has the right to recover damages in quantum meruit." This argument failed again and en banc review was denied. According to the record provided us, Sacher, Kahn next sought review in the Florida Supreme Court based on conflict between our decision and Rosenberg v. Levin. Review was denied.
In the face of all the foregoing, on remand Sacher, Kahn returned to the lower court and pressed the argument that in the course of determining the remaining issue  which it characterized not as the "amount of the charging lien" but as "the proper measure of the amount of the charging lien"  it would be appropriate for the court to decide whether recovery would be based on the fee agreement or, as in Rosenberg, limited to quantum meruit. They argue that because this court did not expressly reject their Rosenberg-based argument in our Snyderburn I opinion, the issue remains undecided and the lower court can and should consider it now. Relying on Williams v. Town of Minneola, 619 So.2d 983 (Fla. 5th DCA 1993),[3] they urge the lower court is free, in effect, to declare the fee agreement unenforceable or deny any charging lien recovery on Rosenberg grounds. The lower court's response filed in this court indicates acceptance of Sacher, Kahn's argument that, in calculating the amount of the charging lien, the court should determine whether quantum meruit is the "measure" to use.
We have considered the imposition of sanctions in this case. It does appear that Sacher, Kahn understand that quantum meruit is a theory of recovery, a cause of action, not a method of calculating damages. See, e.g., Boyce Construction Corp. v. District Bd. of Trustees of Valencia Community College, 414 So.2d 634, 635 n. 1 (Fla. 5th DCA 1982). Nor is it a mystery that where an express agreement exists, quantum meruit is not available; the rights and obligations of the parties are governed by the agreement. See, e.g., Garcia v. Cosicher, 504 So.2d 462, 463 n. 2 (Fla. 3d DCA), review denied, 513 So.2d 1060 (Fla. 1987). Snyderburn has consistently and exclusively maintained rights under a fee agreement that was not terminated by waiver and which equity did not prevent him from enforcing. The rulings by the lower court that all of the elements of the charging lien were proved and that there was no effective waiver of Snyderburn's rights under the fee agreement were not cross-appealed, and the determination that equity precluded Snyderburn from asserting a charging lien because his agreement involved litigation against a former client was only partly affirmed. Though not directly addressed in the opinion, Sacher, Kahn's twin contentions below and here, that Snyderburn had no contractual rights at all, but was only entitled to pursue a quantum meruit claim that had been fully satisfied, were plainly rejected. The court said as much in holding that: "[N]either the Bantock plaintiffs, nor their counsel are unfairly prejudiced by enforcement of the fee agreement for a percentage of the settlement monies contributed by anyone other than Padgett and KVP." [Emphasis supplied].
To be clear, our prior decision was that Snyderburn is entitled to enforcement of the fee agreement for a percentage of settlement monies contributed by anyone other than *948 Padgett and KVP. The lower court's task at this point is to determine these amounts and the appropriate credits and adjustments that might affect the amount. Quantum meruit is irrelevant to this procedure. Accordingly, we grant Snyderburn's request for relief for enforcement of our Snyderburn I mandate and remand for further proceedings consistent with this opinion.
COBB, PETERSON and GRIFFIN, JJ., concur.
NOTES
[1] See, 625 So.2d at 11, n. 9.
[2] Presumably, this included the existence of a contract between attorney and client and entitlement to some amount of fees from the proceeds of the recovery.
[3] From a procedural standpoint, this case is nothing like Williams. It is more similar to Nicholson v. Ariko, 565 So.2d 843 (Fla. 5th DCA 1990), where this court held that even though not expressly discussed in the court's opinion, an issue brought to the court and considered by the court and whose resolution is implicit in the court's decision is within the mandate and the lower court is bound to give effect to the court's decision.