629 So.2d 872 (1993)
John H. FARO, Appellant,
v.
Robert V. ROMANI and Farish, Farish & Romani, Appellees.
No. 92-1907.
District Court of Appeal of Florida, Fourth District.
October 13, 1993.
*873 Walter G. Campbell, Krupnick, Campbell, Malone, Roselli, Buser & Slama, P.A., Fort Lauderdale, Amanda K. Esquibel, Tilghman & Esquibel, P.A., Miami, and John Beranek, Aurell Radey Hinkle Thomas & Beranek, Tallahassee, for appellant.
S. Emory Rogers, Farish, Farish & Romani, West Palm Beach, for appellees.

AMENDED OPINION
STONE, Judge.
Sua sponte, we withdraw our opinion of September 15, 1993 and republish the opinion as follows:
Affirmed. The client appeals from an order denying his motion to vacate an attorney's charging lien and awarding attorney's fees. The fees were for services incurred prior to Plaintiff-counsel's withdrawing from the case. Appellant settled the lawsuit a few months after the representation ended.
With respect to the liability issues, we have reviewed the record and cannot conclude that the trial court abused its discretion or that Appellant has overcome the presumption of correctness. See Delgado v. Strong, 360 So.2d 73 (Fla. 1978); Greenwood v. Oates, 251 So.2d 665 (Fla. 1971); Apple-white v. Kreiger, 392 So.2d 317 (Fla. 4th DCA 1980). There is evidence in the record supporting a trial court conclusion that there was justification and good cause for counsel's withdrawing and recovering a fee for his services. See The Florida Bar v. Hollander, 607 So.2d 412, 415 (Fla. 1992); Sanchez v. Friesner, 477 So.2d 66 (Fla. 3d DCA 1985). See also Borup v. National Airlines, Inc., 159 F. Supp. 808 (S.D.N.Y. 1958). If there is liability on this basis, we should treat the question of damages as we would one for fees claimed as a result of a discharge of counsel without cause. Sanchez, 477 So.2d 66.
We have considered Mary Kay v. Home Depot, Inc., 623 So.2d 764 (Fla. 5th DCA 1993), and deem it inapposite, given the fact issue as to justification and good cause resolved by the trial court in this case.
However, recognizing the potential for conflicts between clients and counsel, and the potential for confusion in applying rule 4-1.5 of the Rules of Professional Conduct regulating The Florida Bar, we certify the following to the supreme court as a question of great public importance:
WHETHER IN AN ACTION ON A CHARGING LIEN, A TRIER OF FACT MAY CONCLUDE ON DISPUTED EVIDENCE THAT COUNSEL IS ENTITLED TO COMPENSATION FOR SERVICES RENDERED, NOTWITHSTANDING THE CONTINGENCY OF THE FEE CONTRACT, WHERE COUNSEL IS FOUND TO HAVE JUSTIFICATION AND GOOD CAUSE FOR WITHDRAWING APART FROM, OR IN ADDITION TO, DISAGREEMENTS OVER SETTLEMENT NEGOTIATIONS?
We find no error or abuse of discretion as to the damages. The record reflects that the trial court correctly recognized that any recovery is limited to the reasonable value of the services, based on quantum meruit, but may not exceed the contract amount. Rosenberg v. Levin, 409 So.2d 1016, *874 1020-21 (Fla. 1982). There was testimony by counsel concerning the time expended, services performed, and surrounding circumstances. Appellant's expert witness rendered an opinion as to the reasonable value of Appellees' services, though subject to some impeachment concerning information that was not made available to the expert.
The trial court made no findings as to the specific computations used in arriving at the amount of the fee. However, the record would support a conclusion, albeit disputable, that the court did not apply a contingency percentage or multiplier, but considered the totality of the circumstances as required. See Rosenberg, 409 So.2d at 1022; Trend Coin Co. v. Fuller, Feingold & Mallah, P.A., 538 So.2d 919, 922 (Fla. 3d DCA 1989). See also the reasonable fee factors set out in rule 4-1.5, Rules Regulating The Florida Bar. The witnesses for each side recognized that the underlying case was a difficult one, with complex issues due to the nature of the injuries.
Additionally, we find no error in the court's failing to make specific findings in support of its award pursuant to Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). The district courts are divided over the question of whether Rowe applies to a claim for a reasonable attorney's fee asserted by an attorney against the party contracting with the attorney, as distinguished from a claim for fees against a third party. We agree with the Third District that Rowe is simply inapplicable to such cases. See Trend Coin Co.; Stabinski, Funt & De Oliveira, P.A. v. Law Offices of Frank H. Alvarez, 490 So.2d 159 (Fla. 3d DCA), rev. denied, 500 So.2d 545 (Fla. 1986).
In Trend Coin the court said:

Rowe has no application here. The appropriate criteria for determining the value of the discharged attorney's services are enunciated in Rosenberg: "the totality of the circumstances surrounding the professional relationship between the attorney and client . . [including] . . time, the recovery sought, the skill demanded, the results obtained, and the attorney-client contract."
538 So.2d at 922 (quoting Rosenberg, 409 So.2d at 1022). But see Riesgo v. Weinstein, 523 So.2d 752 (Fla. 2d DCA 1988); Boyette v. Martha White Foods, Inc., 528 So.2d 539 (Fla. 1st DCA), rev. denied sub nom. Hall v. Boyette, 538 So.2d 1255 (Fla. 1988); Barton v. McGovern, 504 So.2d 457 (Fla. 1st DCA 1987). As to this issue, we certify conflict.
We also affirm as to all other issues raised in this appeal.
HERSEY and GUNTHER, JJ., concur.