641 So.2d 69 (1994)
John H. FARO, Petitioner,
v.
Robert V. ROMANI and Farish, et al., Respondents.
No. 82725.
Supreme Court of Florida.
July 7, 1994.
Rehearing Denied August 25, 1994.
John Beranek of Aurell, Radey, Hinkle, Thomas & Beranek, Tallahassee, Walter G. Campbell of Krupnick, Campbell, Malone, Roselli, Buser & Slama, P.A., Ft. Lauderdale, and Amanda K. Esquibel and Eileen L. Tilghman of Tilghman & Esquibel, P.A., Miami, for petitioner.
S. Emory Rogers of Farish, Farish & Romani, West Palm Beach, for respondents.
C. Rufus Pennington, III of Margol & Pennington, P.A., Jacksonville, amicus curiae for The Academy of Florida Trial Lawyers.
Daniel S. Pearson of Holland & Knight, Miami, amicus curiae for Searcy, Denney, Scarola, Barnhart & Shipley, P.A.
McDONALD, Senior Justice.
We review Faro v. Romani, 629 So.2d 872 (Fla. 4th DCA 1993), in which the district court certified the following question of great public importance:
WHETHER IN AN ACTION ON A CHARGING LIEN, A TRIER OF FACT MAY CONCLUDE ON DISPUTED EVIDENCE THAT COUNSEL IS ENTITLED TO COMPENSATION FOR SERVICES RENDERED, NOTWITHSTANDING *70 THE CONTINGENCY OF THE FEE CONTRACT, WHERE COUNSEL IS FOUND TO HAVE JUSTIFICATION AND GOOD CAUSE FOR WITHDRAWING APART FROM, OR IN ADDITION TO, DISAGREEMENTS OVER SETTLEMENT NEGOTIATIONS?
Id. at 873. We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution. We answer the certified question with a qualified affirmative, but also find that there was insufficient evidence of justification and good cause to warrant a fee in this case.
John Faro, who suffered from a mental disability after he was injured in an automobile accident, retained attorney Robert Romani to represent him in his claim against Amica Mutual Insurance Company. Faro, himself a lawyer, entered into a contingency fee agreement with Romani and the firm of Farish, Farish, and Romani. The agreement contained the following provision:
Said suit or claim shall not be in any manner settled or compromised without the consent and to the mutual satisfaction of both parties to this agreement. However, if at any time in the opinion of the attorneys a reasonable offer of settlement is made, the client(s) agree(s) to consider the recommendation of the attorneys.
As part of the agreement, Faro also agreed to pay the costs of the litigation and to pay Romani thirty percent of any recovery.
Before the case went to trial, Romani filed a motion to withdraw as counsel based on "irreconcilable differences" that arose between him and Faro.[*] Over the objection of Faro, the trial court granted the motion to withdraw. With some difficulty, Faro obtained new counsel and settled his claim for $750,000. Subsequently, Romani sought to impose an attorney's charging lien for the fees and costs which accrued from his representation of Faro. The trial court ordered Faro to pay the amount of $180,000 based on "quantum meruit and the contractual agreement of the parties." On appeal, the district court affirmed the trial court's order, and held that the trial court did not abuse its discretion in calculating the amount of the award. The district court also held that the trial court was not required to make specific findings in support of the award.
The district court certified the issue to this Court because of the "potential for conflicts between clients and counsel, and the potential for confusion in applying rule 4-1.5 of the Rules of Professional Conduct regulating The Florida Bar." Id. at 873. Initially, we point out that the nature of the attorney-client relationship requires an analysis that differs from the principles of compensation that are applicable in other contractual relationships. In Rosenberg v. Levin, 409 So.2d 1016 (Fla. 1982), this Court held that a lawyer discharged without cause can recover the reasonable value of his services on the basis of quantum meruit, but such recovery is limited to the maximum fee set out in the contract for legal services. We have not ruled whether an attorney who voluntarily withdraws in a contingent fee case before the happening of the contingency is entitled to a fee.
Rule Regulating The Florida Bar 4-1.16(b) sets forth the following circumstances under which an attorney may withdraw from representation:
(1) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
(2) the client has used the lawyer's services to perpetrate a crime or fraud;
(3) a client insists upon pursuing an objective that the lawyer considers repugnant or imprudent;
(4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
(5) the representation will result in an unreasonable financial burden on the lawyer *71 or has been rendered unreasonably difficult by the client; or
(6) other good cause for withdrawal exists.
Rule 4-1.16(a) also mandates that an attorney withdraw if the representation will result in violation of the Rules of Professional Conduct or law. As noted in the comment to the rule, the spirit of Rule 4-1.16 presumes that an attorney will follow the representation to completion unless withdrawal is necessitated by one of the conditions set forth above. The existence of grounds for withdrawal does not always translate into an attorney's right to be paid for work performed.
In The Florida Bar v. Hollander, 607 So.2d 412 (Fla. 1992), we held that "any contingency fee contract which permits the attorney to withdraw from representation without fault on the part of the client or other just reason, and purports to allow the attorney to collect a fee for services already rendered would be unenforceable and unethical." Id. at 415. Although the contingency fee agreement in the instant case does not include the types of clauses that were included in the Hollander agreement, the attorney in the instant case is seeking to recover fees for services already rendered. In the instant case, Romani agreed to represent Faro on a contingency basis. The contingency, of course, was recovery in the lawsuit from Amica Mutual Insurance Company. Once Romani voluntarily withdrew from representation, the contingency agreement, like the attorney-client relationship, was terminated.
We hold that when an attorney withdraws from representation upon his own volition, and the contingency has not occurred, the attorney forfeits all rights to compensation. We approve Kay v. Home Depot, Inc., 623 So.2d 764 (Fla. 5th DCA 1993) review denied, 632 So.2d 1026 (Fla. 1994), and follow Beaumont v. J.H. Hamlen & Son, 190 Ark. 630, 81 S.W.2d 24 (1935). We further hold, however, that if the client's conduct makes the attorney's continued performance of the contract either legally impossible or would cause the attorney to violate an ethical rule of the Rules Regulating The Florida Bar, that attorney may be entitled to a fee when the contingency of an award occurs.
The record in this case cannot support a finding that Faro breached the attorney contract or legally caused it to be breached. Nor does it support a finding that his conduct placed Romani in an ethical dilemma. Romani abandoned his right to any compensation when he withdrew from his contingent fee contract, and thus is not entitled to recover a fee.
We do not address the merits of the other issues presented by the parties and by the district court's opinion, as those issues will be resolved in similar pending cases.
We quash the decision under review and remand with instructions to discharge Romani's lien.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN and HARDING, JJ., concur.
NOTES
[*] This followed Faro's rejection of an offer to settle for $600,000 which Romani had strongly recommended that Faro accept. Romani was also disturbed at Faro's inference that he might not be adequately prepared and apprehensive of a possible malpractice claim if Faro's expectation of a much larger verdict was not realized.