660 So.2d 1074 (1995)
KOCHA & JONES, P.A., Appellant,
v.
Philip E. GREENWALD, Robert James Taylor, Thelma Taylor, Eric Nelson and Ruth Nelson, Appellees.
No. 94-1391.
District Court of Appeal of Florida, Fourth District.
August 9, 1995.
Rehearing Denied October 12, 1995.
Stuart E. Kocha of the Law Offices of Stuart E. Kocha, P.A., West Palm Beach, for appellant.
Philip E. Greenwald, Boca Raton, pro se appellee.
GUNTHER, Chief Judge.
Appellant, Kocha & Jones, P.A., intervenor below, (Appellant) appeals the final order and judgment awarding the Appellee, Philip Greenwald, lien-claimant below, (Greenwald) an attorney's fee from the Appellant in the sum of six thousand dollars ($6,000.00) bearing interest at the rate of 12% a year. We reverse based upon the authority of Faro v. Romani, 641 So.2d 69 (Fla. 1994).
On April 15, 1994, when the trial court entered the final order and judgment awarding attorney's fees to Greenwald, this court had pending before the Florida supreme court the following certified question of great public importance:
WHETHER IN AN ACTION ON A CHARGING LIEN, A TRIER OF FACT MAY CONCLUDE ON DISPUTED EVIDENCE THAT COUNSEL IS ENTITLED TO COMPENSATION FOR SERVICES RENDERED, NOTWITHSTANDING THE CONTINGENCY OF THE FEE CONTRACT, WHERE COUNSEL IS FOUND TO HAVE JUSTIFICATION AND GOOD CAUSE FOR WITHDRAWING APART FROM, OR IN ADDITION TO, DISAGREEMENTS OVER SETTLEMENT NEGOTIATIONS?
Faro v. Romani, 629 So.2d 872, 873 (Fla. 4th DCA 1993). The Florida supreme court answered our question with a qualified affirmative. Faro v. Romani, 641 So.2d 69 (Fla. 1994). In qualifying its answer, the supreme court explained that once an attorney withdraws from representation, the contingency *1075 agreement, like the attorney-client relationship, terminates. Id. at 71. The supreme court held that when an attorney withdraws from representation upon his own volition, and the contingency has not occurred, the attorney forfeits all rights to compensation. Id. The supreme court further held, however, that if the client's conduct makes the attorney's continued performance of the contract either legally impossible or would cause the attorney to violate an ethical rule of the Rules Regulating The Florida Bar, that attorney may be entitled to a fee when the contingency of an award occurs. Id.
The client in Romani, John Faro, entered into a contingency fee agreement with Romani and the firm of Farish, Farish, and Romani. Id. Before the case went to trial, Romani filed a motion to withdraw as counsel based on "irreconcilable differences." The supreme court found that there was insufficient evidence of justification and good cause to warrant a fee in Romani. Id. at 70. Additionally, the supreme court found that the record did not support a finding that Faro breached the attorney contract or legally caused it to be breached. Id. at 71. Nor did the record support a finding that Faro's conduct placed Romani in an ethical dilemma. Id.
Decisional law and rules in effect at the time an appeal is decided govern the case even if there has been a change since the time of trial. Lowe v. Price, 437 So.2d 142 (Fla. 1983); see also Wheeler v. State, 344 So.2d 244 (Fla. 1977), cert. denied, 440 U.S. 924, 99 S.Ct. 1254, 59 L.Ed.2d 478 (1979); Collins v. Wainwright, 311 So.2d 787 (Fla. 4th DCA), cert. dismissed, 315 So.2d 97 (Fla. 1975).
Given that Romani is applicable to this court's appellate determination, Romani is factually similar to the instant case. Greenwald testified that he told his clients, the Taylors, that he thought it would be best for them to engage other counsel. In addition, Greenwald testified that Mr. Taylor had become increasingly more difficult as a client. At trial, Mr. Taylor testified that Greenwald gave him no reason why Greenwald would not handle the new trial for Mr. Taylor. Mr. Taylor further testified that Greenwald had quit. Finally, Mr. Taylor testified that he never made the decision to discharge Greenwald.
Thus, the record evidence in the instant case clearly suggests that Greenwald withdrew from representation upon his own volition. Because the contingency had not yet occurred, Greenwald forfeited all rights to compensation. See Romani, supra. Here, we do not find that Greenwald has alleged any conduct by the Taylors that would render the attorney's continued performance of the contract either legally impossible or would cause the attorney to violate an ethical rule of the Rules Regulating the Florida Bar. See Romani, supra.
Accordingly, we reverse and remand with instructions to discharge Greenwald's lien.
REVERSED AND REMANDED.
STONE and FARMER, JJ., concur.