GREEN, Judge.
Miriam Hernandez appeals the trial court’s entry of a final order granting a charging hen in the sum of $4,771.65 in favor of her former counsel, Dino Galardi. Ms. Hernandez challenges both the timeliness of and the entitlement to this hen where Mr. Galardi withdrew his representation against the wishes of Ms. Hernandez prior to the conclusion of the dissolution action below.
On or about July 27, 1994, Ms. Hernandez retained Mr. Galardi to represent her as an intervenor in the dissolution action below. *350 Ms. Hernandez gave Mr. Galardi a retainer fee in the amount of $4,500.00. She also executed a retainer agreement acknowledging Mr. Galardi’s right to a charging lien for all unpaid funds due his firm for legal services rendered. On October 3,1994, prior to the trial below, Mr. Galardi filed an emergency motion to -withdraw based on unspecified conflicts with Ms. Hernandez. Ms. Hernandez filed a pro se response in opposition to the motion. The motion was properly noticed for hearing but Ms. Hernandez failed to attend. The trial court granted the motion but made no written findings as to whether a conflict existed sufficient enough to justify Mr. Galardi’s voluntary withdrawal from the ease. Ms. Hernandez subsequently retained other counsel to represent her in the matter at a cost of $5,000.00. After the conclusion of the final hearing on the action below but prior to the court’s rendition of its final judgment, Mr. Galardi sought and was granted a charging hen in his favor by the court in the sum of $4,771.65. In so doing, the trial court specifically found the hourly rates charged and the number of hours billed by Mr. Galardi to Ms. Hernandez to be reasonable.
Initially, we reject Ms. Hernandez’s contention that Mr. Galardi’s motion for the imposition of the hen was untimely when it was filed prior to the trial court’s rendition of its final judgment. See Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A v. Baucom, 428 So.2d 1383, 1385 (Fla.1983). Next, we find that we are unable to review the issue of Mr. Galardi’s entitlement to the hen absent an evidentiary hearing and factual findings by the trial court as to whether Mr. Galardi was justified in withdrawing his representation of Ms. Hernandez prior to the conclusion of the proceeding below. See Faro v. Romani, 641 So.2d 69 (Fla.1994). We therefore reverse the order imposing the charging hen and remand for such an eviden-tiary hearing and findings by the trial court.
Reversed and remanded with instructions.