FRANK, Judge.
Smith & Burnetti, P.A., a law firm, has appealed from an order denying it a charging lien and an award of attorneys’ fees stemming from the representation of John Martin in his action against Laidlaw Tree Service, Inc. Based upon the record disclosing serious conflict between the law firm and Martin, we are persuaded that the law firm had no ethical choice but to terminate its relationship with Martin. See R. Regulating Fla.Bar 4 — 1.7(b).[1] Thus, consistent with Faro v. Romani 641 So.2d 69 (Fla.1994), we reverse and remand this matter for a determination of the amount of fee the law firm is entitled to receive. The supreme court stated in Faro “that if the client’s conduct makes the attorney’s continued performance of the contract either legally impossible or would cause the attorney to violate an ethical rule of the Rules Regulating The Florida Bar, that attorney may be entitled to a fee.... ” Faro, 641 So.2d at 71. The fee shall be based upon a quantum meruit following an evidentiary hearing but without a lodestar. See Searcy, Denney, Scarola, Barnhart & Shipley, P.A. v. Poletz, 652 So.2d 366 (Fla.1995).
Reversed and remanded for further proceedings consistent with this opinion.
SCHOONOVER, A.C.J., and WHATLEY, J., concur.

. Rule 4-1.7(b) provides: “A lawyer shall not represent a client if the lawyer’s exercise of independent professional judgment in the representation of that client may be materially limited by the lawyer’s responsibilities to another client or to a third person or by the lawyer’s own interest. ...”