699 So.2d 321 (1997)
CARBONIC CONSULTANTS, INC., Appellant,
v.
HERZFELD & RUBIN, INC., Appellee.
No. 97-690.
District Court of Appeal of Florida, Third District.
September 24, 1997.
*322 Samuel L. Bare, III, Miami, for appellant.
Bierman, Shohat, Loewy, Perry & Klein, and Theodore Klein, and Pamela I. Perry, Miami, for appellee.
Before COPE, GERSTEN and SHEVIN, JJ.
PER CURIAM.
Appellant, Carbonic Consultants, Inc. (Carbonic), appeals an order granting a charging lien to appellee, Herzfeld & Rubin, Inc. ("law firm"), claiming the law firm forfeited its rights to compensation pursuant to a contingent fee agreement after voluntarily withdrawing from the case. We agree that the trial court erred in permitting the law firm to maintain its charging lien, and reverse the order below.
Carbonic retained attorney Stephan Nagin (Nagin) to represent the company in a complex antitrust case pursuant to a contingent fee agreement. Nagin thereafter joined the appellee's law firm in January of 1994. In May of 1996, Nagin resigned from the firm and filed a motion to withdraw as counsel for Carbonic.
The law firm then also filed a motion to withdraw after receiving a Florida Bar Staff Opinion concluding that the firm was required to terminate representation due to lack of antitrust expertise. According to the law firm, after Nagin resigned, the law firm no longer possessed the necessary expertise in the antitrust field to continue to represent Carbonic.
*323 At the hearing on both motions, Nagin attacked the law firm's basis for withdrawal claiming the law firm had participated in other antitrust matters. Nagin presented copies of court pleadings filed in the United States District Court for the Southern District of Florida reflecting three senior partners at the law firm were involved in defending a client in an antitrust action. The court gave the documents little weight, concluding that filing pleadings in one antitrust case did not establish the law firm had a particular expertise in antitrust.
At the conclusion of the hearing, the trial court granted both motions to withdraw, and additionally granted the law firm's motion for a charging lien seeking compensation for the 2 ½ years it had worked on the case. Apparently, the trial court was persuaded by the law firm's argument that fees should not be forfeited, based on the law firm's contention that its withdrawal was ethically mandated. Recognizing an important distinction under the circumstances of this case, we are not so easily persuaded.
An attorney's entitlement to compensation when a contingent fee contract is prematurely terminated by discharge or withdrawal, generally depends on whether the withdrawal or discharge was with or without good cause. See Rosenberg v. Levin, 409 So.2d 1016 (Fla.1982). If a client discharges an attorney without good cause, the attorney is entitled to a reasonable attorney fee based either on the employment contract between the attorney and the client or quantum meruit for services actually rendered to the date of discharge. See Rosenberg v. Levin, 409 So.2d at 1016; Barwick, Dillian & Lambert, P.A. v. Ewing, 646 So.2d 776 (Fla. 3d DCA 1994), rev. denied, 659 So.2d 271 (Fla.1995); Kopplow & Flynn, P.A. v. Trudell, 445 So.2d 1065 (Fla. 3d DCA), rev. denied, 453 So.2d 44 (Fla.1984).
In most circumstances, an attorney retained on a contingent basis who voluntarily withdraws will be held to have forfeited any right to compensation. See Faro v. Romani, 641 So.2d 69 (Fla.1994); Doremus v. Florida Energy Sys. of S. Fla., Inc., 676 So.2d 444 (Fla. 4th DCA 1996). An exception is made where there is a justifiable cause for withdrawal based on a finding that the client's conduct either rendered the attorney's performance legally impossible, or would result in the attorney violating an ethical rule.[1]See Faro v. Romani, 641 So.2d at 71; Kocha & Jones, P.A. v. Greenwald, 660 So.2d 1074 (Fla. 4th DCA 1995).
The Supreme Court of Florida in Faro specifically stated: "[I]f the client's conduct makes the attorney's continued performance of the contract either legally impossible or would cause the attorney to violate an ethical rule of the Rules Regulating The Florida Bar, that attorney may be entitled to a fee." Faro v. Romani, 641 So.2d at 71(emphasis added). In other words, an attorney who withdraws from representation in adherence to ethical obligations may be entitled to compensation in quantum meruit, but only where the client's conduct was the cause of the ethical dilemma.
Turning to the present case, client Carbonic did not engage in any conduct *324 which would make continued representation either legally impossible or cause an ethical problem. Any ethical problem arising from the law firm's continued representation clearly resulted from the law firm's conduct in deciding not to acquire antitrust expertise in the office.
Much of the law firm's argument is based on the incorrect assumption that, because it obtained a Florida Bar Staff Opinion concluding continued representation would be unethical due to lack of antitrust experience, its termination was thus "involuntary" and did not suffice to trigger the general forfeiture rule. This is simply not so, because the decision not to acquire antitrust expertise was voluntary, and it was this decision which created the ethical dilemma.[2] Since the practice of law requires that the interests of the client be considered before those of the attorney, the burden must be on the attorney to show withdrawal was not only mandated by ethical rules, but was also based on circumstances outside the attorney's control. See Estate of Falco, 188 Cal. App.3d 1004, 233 Cal.Rptr. 807 (1987); International Materials Corp. v. Sun Corp., Inc., 824 S.W.2d 890 (Mo.1992).
We believe the language of Faro and common sense require the client's conduct to have caused an ethical dilemma in order for fees to be recoverable. See Faro v. Romani, 641 So.2d at 71. Focusing on the client's conduct in analyzing a claim of withdrawal in adherence to ethical mandates will effectively serve to protect the client, while at the same time insuring attorney compensation where an attorney is forced to withdraw from a pending case as a result of forces beyond his or her control.
Here, because the law firm's ethical dilemma resulted from a force within its control and not due to any conduct on the part of the client, its decision to withdraw forfeited the right to compensation. See Faro v. Romani, 641 So.2d at 69; Kocha & Jones v. Greenwald, 660 So.2d at 1074; Calley v. Woodruff, 661 So.2d 20 (Fla. 2d DCA 1994). Accordingly, the order granting the law firm a charging lien must be reversed.
Reversed.
NOTES
[1] Whether or not justifiable cause exists when an attorney voluntarily withdraws from representation depends on the facts and circumstances of each case. See Wade R. Habeeb, Annot., Circumstances Under Which Attorney Retains Right to Compensation Notwithstanding Voluntary Withdrawal From Case, 88 A.L.R.3d 246-69 (1978 & Supp.1997)(discussing various cases where courts have found justifiable cause for withdrawal). For example, the cases are in almost universal agreement that failure of a client to accept a settlement offer does not constitute justifiable cause for a withdrawing attorney to collect fees. See e.g. Estate of Falco, 188 Cal.App.3d 1004, 233 Cal.Rptr. 807 (1987); Faro v. Romani, 641 So.2d 69 (Fla.1994); Chaker v. Chaker, 147 Vt. 548, 520 A.2d 1005 (1986); Ausler v. Ramsey, 73 Wash. App. 231, 868 P.2d 877 (1994). However, justifiable cause has been found where conduct on the part of the client results in a breakdown in the attorney-client relationship, or demands the attorney's performance of an illegal or unprofessional act. See e.g. Smith & Burnetti, P.A. v. Faulk, 677 So.2d 404 (Fla. 2d DCA 1996); Fishman v. Conway, 57 So.2d 605 (La.App.1952); Phelps Steel Inc. v. Von Deak, 24 Mass.App.Ct. 592, 511 N.E.2d 42 (1987); Staples v. McKnight, 763 S.W.2d 914 (Tex.Ct.App.1988); Matheny v. Farley, 66 S.E.1960 (W.Va.1910). Central to the determination of the existence of justifiable cause in these cases is whether the events requiring withdrawal were within the reasonable control of the attorney. See International Materials Corp. v. Sun Corp., Inc., 824 S.W.2d 890 (Mo.1992).
[2] We are not unmindful of the law firm's efforts to abide by the ethical rules and commend the firm for its efforts in contacting the Florida Bar for advice.