BLUE, Acting Chief Judge.
Garrett D. and Linda May Calley appeal from a final order that awarded their former attorney, Thomas M. Woodruff, $10,-000 in attorney’s fees and costs. Because there was insufficient evidence that Mr. Calley’s conduct would cause Mr. Wood-ruff to violate an ethical rule, we reverse in part and affirm in part.
The Calleys hired Mr. Woodruff to handle a personal injury case on a contingency fee basis. Prior to the conclusion of the case, Mr. Woodruff withdrew and filed a charging lien for his fees and costs. The Calleys retained - a new attorney who obtained a settlement. Subsequently, Mr. Woodruff was awarded $10,000 based on the charging lien. In the Calleys’ first appeal, this court reversed the fee award and directed the trial court to hold an evidentiary hearing pursuant to Faro v. Romani, 641 So.2d 69 (Fla.1994) (holding that attorney who withdraws prior to occurrence of contingency not entitled to fees unless the withdrawal was necessitated by the client’s conduct). See Calley v. Woodruff, 661 So.2d 20 (Fla. 2d DCA 1994). After a hearing, the trial court awarded $10,000 for fees and costs to Mr. Woodruff based on its finding that Mr. Woodruff was placed in an ethical dilemma by his client’s conduct after Mr. Woodruff “developed a well-founded belief that Mr. Calley would not testify truthfully at a jury trial.”
Under a contingent fee contract, an attorney who voluntarily withdraws pri- *601 or to the occurrence of the contingency generally forfeits all rights to compensation. See Faro, 641 So.2d at 71. If the chent’s conduct creates a situation where continued representation would be either legally impossible or would cause the attorney to violate an ethical rule, then the attorney may be entitled to a fee when the contingency occurs. See id. Mr. Wood-ruff claims that he was required to withdraw under rule 4-1.16 of the Rules Regulating The Florida Bar once he believed Mr. Calley would present perjured testimony.
Rule 4^-1.16 states that an attorney “shall withdraw from the representation of a client if: (1) the representation will result in violation of the Rules of Professional Conduct or law ...” The rule further provides that an attorney may withdraw from representation if “the client persists in a course of action involving the lawyer’s services that the lawyer reasonably believes is criminal or fraudulent.” In Sanborn v. State, 474 So.2d 309 (Fla. 3d DCA 1985), the court discussed the ethical dilemma faced by a court-appointed criminal defense attorney who learns that the defendant intends to present evidence or testimony which the lawyer knows is false. The attorney must not only refuse to help, he or she must also attempt to dissuade the defendant from insisting that such testimony be presented. See 474 So.2d at 312. If unsuccessful, the attorney should then move to withdraw. See id. The court further explained:
[A] lawyer’s task is not to determine guilt or innocence, but only to present evidence so that others — either court or jury — can do so. A lawyer, therefore, should not decide what is true and what is not unless there is compelling support for his conclusion. Mere suspicion or inconsistent statements by the defendant alone are insufficient to establish that the defendant’s testimony would have been false.
474 So.2d at 313 n. 2 (emphasis added) (citations omitted).
According to his own testimony, Mr. Woodruff made no attempt to inquire to confirm his suspicion that Mr. Calley intended to offer false testimony, nor did he take any action to dissuade Mr. Calley from offering false testimony. Mr. Wood-ruffs testimony shows that he was premature in his belief that continued representation of the Calleys would place him in an ethical dilemma necessitating withdrawal.
In the absence of compelling evidence to show that the client’s conduct is criminal or fraudulent, a lawyer cannot have a reasonable belief the client will lie without at least inquiring of the client. Because the evidence does not support the trial court’s finding that Mr. Woodruff had a well-founded belief that his client would commit perjury, we conclude that Mr. Woodruff has failed to meet the test in Faro. Accordingly, we reverse the award of attorney’s fees.
The trial court also awarded Mr. Woodruff $1,375.51 in costs. In the fee agreement between the Calleys and Wood-ruff, the Calleys agreed to pay the costs, separate from the attorney’s fees. Therefore, we affirm the award of costs. See Kay v. Home Depot, Inc., 623 So.2d 764 (Fla. 5th DCA 1993) (holding that costs are the client’s responsibility even though attorney voluntarily withdrew prior to the contingency).
Accordingly, we affirm the award of $1,375.51 in costs but reverse the award of $8,624.49 in fees.
Affirmed in part; reversed in part.
QUINCE and CASANUEVA, JJ., Concur.