FULMER, Judge.
Liberty Mutual Insurance Company appeals from a final judgment that awarded attorney’s fees to Wendy Coxhead, Esq., former counsel of the' plaintiff, Patricia Holbrook. We reverse the award of attorney’s fees because, pursuant to Faro v. Romani, 641 So.2d 69 (Fla.1994), Coxhead abandoned her right to compensation when she withdrew from the representation of Holbrook.
In September 1997, Coxhead filed a breach of contract lawsuit on ■ behalf of Holbrook alleging that Liberty Mutual failed to pay Holbrook personal injury protection benefits under an automobile insurance policy issued to Holbrook. Coxhead had .a-contingency fee agreement with Hol-brook. In March 2000, the trial court entered an order allowing Anthony Britt, Esq., to substitute as counsel for Holbrook after Britt and Coxhead filed a Joint Stipulation for Substitution of Counsel, which provided that Coxhead would be relieved of any further responsibility with regard to Holbrook’s representation. Coxhead filed a notice of lien for attorney’s fees and costs.
In November 2001, a partial settlement agreement was entered, which resolved Holbrook’s claim against Liberty Mutual and the issue of attorney’s fees and costs of Anthony Britt but specifically reserved the issue of the attorney’s fees and costs of former counsel, Coxhead. Coxhead moved to intervene, moved to tax attorney’s fees and costs, and moved to enforce her lien. In its order enforcing the lien, the trial court stated that Coxhead’s “withdrawal and relocation to the State of Washington due to her marriage during this litigation is not a ‘voluntary withdrawal,’ and [Cox-head] is entitled to recover quantum meru-it attorney’s fee and costs.”
In Faro, the supreme court addressed the voluntary withdrawal of an attorney in a contingency fee case and held:
[W]hen an attorney withdraws from representation upon his own volition, and the contingency has not occurred, the attorney forfeits all rights to compensation .... We further hold, however, that if the client’s conduct makes the attorney’s continued performance of the contract either legally impossible or would cause the attorney to violate an ethical rule of the Rules Regulating The Florida Bar, that attorney may be entitled to a fee when the contingency of an award occurs.
Id. at 71; see also Carbonic Consultants, Inc. v. Herzfeld & Rubin, Inc., 699 So.2d 321 (Fla. 3d DCA 1997) (concluding .that law -firm forfeited compensation where its withdrawal was based on an ethical dilemma resulting from a force within its control).
The record in this case does not support the trial court’s finding that Coxhead’s withdrawal was not voluntary. At the hearing on the motion to enforce her lien, Coxhead,testified that her decision to get married and move to a different state was a purely personal decision and that her client did not do anything to cause her to withdraw from the case. On these facts, Coxhead abandoned her right to compensation when she withdrew on her own volition to relocate to Washington. Liberty Mutual does not challenge the award of costs and, therefore, that portion of the order is affirmed.
Reversed in part, affirmed in part.
WALLACE, J., and DANAHY, PAUL W., Senior Judge, Concur.