DAVIS, Judge.
In this dispute over entitlement to a charging lien for attorney’s fees, Frank E. DePena, Esquire, of DePena & DePena, P.A., challenges the trial court’s order granting final summary judgment in favor of his former clients, Jesus Cruz, Luis *1063 Cruz, and Yeanet Frontela (“Appellees”). We affirm in part and reverse in part.
Appellees suffered damages from an automobile fire that occurred in the garage of their home. Their damages included loss of the automobile, structural damage to the home, and loss of the contents of the home. Appellees sought legal representation from DePena and entered into a standard contingency fee contract with his firm. DePena successfully negotiated with Appellees’ insurers for a settlement of their losses. He waived his fees for settlement of the automobile and structural damage claims, and he deferred his fees for settlement of the contents claim. He then filed a products liability action on behalf of Appellees against Ford Motor Company (“Ford”), seeking damages for personal injury and emotional pain and suffering resulting from the fire.
During the Ford litigation, differences developed between DePena and Appellees. For example, Appellees for the first time insisted that they had lost a valuable Picasso painting in the fire. Additionally, Appellees maintained that based on this and other claimed damages, they would settle for no less than $200,000 per person. When DePena encouraged them to accept Ford’s offer for a total settlement of $35,000, Appellees refused and began to question DePena’s competency and loyalty. Citing “irreconcilable differences,” DePena moved to withdraw as counsel for Appel-lees. After his motion was granted, Ap-pellees obtained substitute counsel and settled the Ford action for a total of $50,000.
DePena filed his notice of charging lien to secure his fees and costs. After obtaining the Ford settlement, Appellees moved to strike the notice; however, the trial court denied that motion. Appellees then moved for summary final judgment on the issue of DePena’s entitlement to a charging lien. In that motion, which raised only the issue of DePena’s entitlement to fees and costs in his representation of Appel-lees in the Ford action, Appellees suggested that because DePena voluntarily withdrew from the case, he forfeited his right to receive fees from the settlement. The trial court agreed with Appellees and granted their motion for summary judgment, finding that DePena was not entitled to a fee for the Ford suit and denying the charging lien. However, the trial court also ordered Appellees to pay into the registry of the court, from the proceeds of the Ford settlement, an amount that would satisfy DePena’s fees regarding the contents claim settlement as to which DePena had agreed to defer payment. The trial court reserved jurisdiction to entertain further arguments as to DePena’s entitlement to those funds. Finally, although substitute counsel admitted below that DePena was entitled to the costs his firm had expended on the Ford suit, the trial court denied DePena’s claim for costs.
On appeal, DePena argues that the trial court erred in denying him a charging lien for his fees and costs in the Ford suit. In determining DePena’s entitlement to a charging lien, we must first answer the threshold question of whether DePena is entitled to attorney’s fees for his work on the Ford suit given his withdrawal from representation of Appellees. In general, an attorney who voluntarily withdraws from representation prior to the contingency occurring that entitles him to his fee forfeits his right to compensation. Faro v. Romani, 641 So.2d 69 (Fla.1994). However, there are two exceptions to this general rule. If the client’s conduct makes the attorney’s continued representation legally impossible or if the client’s conduct would cause the attorney to violate the law or an ethical rule of conduct, the attorney may be entitled to a fee when the contin *1064 gency occurs even though he or she has voluntarily withdrawn from representation. Id.
Citing to language in a footnote in Carbonic Consultants, Inc. v. Herzfeld & Rubin, Inc., 699 So.2d 321 (Fla. 3d DCA 1997), DePena argues that another exception has been created that allows the attorney to collect a fee where the conduct of the client has caused a “breakdown in the attorney-client relationship.” Id. at 323 n. 7. The essence of DePena’s argument is that his attorney-client relationship with Appellees deteriorated due to their expanded claims, which were beyond his control, and that this breakdown of the attorney-client relationship prevented him from continuing to represent Appellees, thus entitling him to a fee even though he voluntarily withdrew from representation.
Our reading of Carbonic Consultants, however, does not support such an expansion of Faro, given the case law cited in the footnote and the actual result in that case, which followed the language and intent of Faro. Moreover, we have been unable to find any other case in this state, including any case coming out of the Third District, that has followed DePena’s proposed interpretation expanding Faro based on Carbonic Consultants.
To the contrary, the case law, particularly in this district, has followed Faro in stating that the two enumerated exceptions in Faro are the only circumstances that justify a finding that the attorney was entitled to the fee. See Liberty Mut. Ins. Co. v. Holbrook, 861 So.2d 1216 (Fla. 2d DCA 2003); Lynn v. Allstar Steakhouse & Sports Bar, 736 So.2d 722 (Fla. 2d DCA 1999); Calley v. Thomas M. Woodruff, P.A., 751 So.2d 599, 600 (Fla. 2d DCA 1998).
Since DePena acknowledges both that it was not legally impossible for him to continue his representation of Appellees and that he did not consider their claim for damages to be fraudulent, he has failed to fall within either of the two Faro exceptions to the rule that an attorney who voluntarily withdraws from representation prior to the occurrence of the contingency forfeits his or her fee. Accordingly, we must conclude that DePena’s withdrawal from representation prior to the settlement of the Ford action resulted in a forfeiture of his right to compensation in that action. We therefore affirm the trial court’s summary judgment in favor of Ap-pellees on the issue of the charging lien as to the fees in the Ford action.[1]
Finally, given Appellees’ concession that DePena was entitled to recover the costs expended in his work on the Ford suit and their agreement that said costs should be paid out of the proceeds of the Ford suit, we conclude that the trial court erred in denying DePena those costs.
In summary, we affirm the trial court’s order as to the denial of DePena’s entitlement to compensation for the Ford settlement and the denial of his charging lien as related to that recovery, and we reverse the trial court’s order denying DePena’s claim for costs expended in the Ford suit.
Affirmed in part; reversed in part.
FULMER and KELLY, JJ., Concur.

. Because Appellees have not raised by cross-appeal any error in the trial court's sequestration of funds from the Ford settlement in anticipation of a ruling on DePena’s request for fees in the contents claim settlement, we express no opinion as to the trial court's determination in that regard.