[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11327
Non-Argument Calendar
_____

D.C. Docket No. 0:08-cv-62018-WPD

ALDAR TOBACCO GROUP, LLC,
A Florida Limited Liability Company,

Plaintiff -
Charging Lien Defendant -
Appellee,

DAVID GIELCHINSKY,

Plaintiff -
Counter Defendant,

PHOENIX TOBACCO, INC.,

Plaintiff,

BYRON GREGORY PETERSEN,

Charging Lien Plaintiff – Appellant,

versus

AMERICAN CIGARETTE COMPANY, INC.,
A Florida Corporation, et al.,

Defendants -
Third Party Plaintiffs -
Counter Claimants -
Counter Defendants,

ROBERT GIELCHINSKY,

Third Party Defendant -
Counter Claimant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 14, 2014)

Before PRYOR, MARTIN, and DUBINA, Circuit Judges.

PER CURIAM:

Plaintiff/Appellant Byron G. Petersen, P.A. ("Petersen") appeals the district court's order granting Defendant/Appellee Aldar Tobacco Group, LLC's ("Aldar") Motion to Strike Petersen's Notice of Charging Lien and Request for Jury Trial. We review the district court's legal conclusions *de novo* and its factual findings for clear error. *Knight v. Thompson*, 723 F.3d 1275, 1281 (11th Cir. 2013). For the reasons set forth below, we deny Aldar's motion to dismiss the appeal and affirm the district court's order.

2

## I. **BACKGROUND**

In December 2008, Petersen, a lawyer, undertook representation of Aldar, David Gielchinsky, and Phoenix Tobacco, Inc., the plaintiffs in an underlying action. Robert Gielchinsky, Aldar's executive officer and Petersen's former client, was a third party defendant. The district court set a trial date for July 18, 2011. Claiming "irreconcilable and irreparable differences," Petersen moved to withdraw from representation on June 13, 2011. The district court granted Petersen's motion, citing a state bar complaint against Petersen as cause for withdrawal, and granted a sixty day continuance for trial. Under new representation, the plaintiffs settled the case on April 20, 2012.

On September 6, 2011, Petersen filed notice of a charging lien under Florida state law against Aldar, Phoenix Tobacco, David Gielchinsky, and Robert Gielchinsky. Petersen alleged he and his former clients entered into a verbal contract for deferred hourly billing of attorney's fees and estimated his former clients owed him approximately $300,000. Aldar, along with the other parties, contended the underlying plaintiffs entered into a verbal contingency agreement with Petersen and that, due to his withdrawal before recovery, Petersen waived any claim to his fees.

On July 12, 2012, a magistrate judge held a hearing on Aldar's motion to strike notice of the charging lien, Petersen's second request for an evidentiary

3

hearing, and Petersen's motion to compel disclosure of the underlying settlement terms.  At the hearing, Petersen failed to produce evidence of billing statements, time sheets, or any other supporting documentation demonstrating that the parties had an agreement for deferred hourly billing.  Reviewing the testimonies of Christina Broder, Petersen's paralegal from 2009 through 2011, Robert Gielchinksy, and Petersen, the magistrate judge found that Petersen undertook Aldar's representation on a contingency basis.  The magistrate judge further concluded that Petersen's behavior in the Vibo case[1] created the conflict necessitating his withdrawal in the instant case.  As such, the magistrate judge determined that Petersen's withdrawal was without cause and determined that he had waived his right to recover fees.  Accordingly, the magistrate judge recommended that the district court grant the motion to strike.

Although Petersen filed objections to the magistrate judge's Report, the district court overruled the objections and issued an order adopting the Report. Petersen subsequently voluntarily dismissed Robert Gielchinksy, David Gielchinsky, and Phoenix Tobacco, Inc. from the charging lien claim.  He then perfected this appeal, alleging that the magistrate judge denied him due process by

---

[1] Petersen represented Robert Gielchinsky in his suit against Vibo Corporation in state court.  Petersen undertook representation on a contingency basis and subsequently withdrew from representation.   He is also involved in a fee dispute with Gielchinsky in that case, which the magistrate judge found to be the reason for Petersen's withdrawal from the instant Aldar case.

failing to give him notice that the July 12 hearing would be an "evidentiary" hearing and by misapplying substantive law in its determination.  We disagree with Petersen on both claims and affirm the district court's order granting the motion to strike.

## II. **DISCUSSION**

### A. *Due Process*

Petersen contends the evidentiary nature of the magistrate judge's hearing was unknown to him before the hearing began and that this constitutes a violation of his due process rights.  We disagree and conclude that Petersen had ample notice of the hearing.  On May 3, 2012, the magistrate judge issued a briefing schedule, declaring that "[t]he Court will set this matter for hearing thereafter, if appropriate."  On June 30, 2012, Petersen received an electronic notice of hearing on Plaintiff's Expedited Motion to Strike.  In a written order, the magistrate judge gave notice of the date change to the relevant parties, including Petersen.  These orders clearly set forth the nature of the evidentiary hearing.  Accordingly, we conclude that there was no due process violation because Petersen had proper notice of the hearing and had ample opportunity to prepare evidence and to obtain witness testimony.

### B. *Substantive Law*

5

Petersen contends the district court incorrectly applied the substantive law of charging liens in determining that he was not entitled to recover attorney's fees from his representation in the underlying Aldar case.  Florida law grants an attorney the equitable right to secure the costs of, and fees for, services rendered to a client in a suit from the judgment or recovery of that suit.  *Sinclair, Louis, Siegel, Heath, Nussbaum, & Zavertnik, P.A. v. Baucom, et. al*, 428 So. 2d 1383, 1384 (Fla. 1983).  A charging lien requires four elements: first, a valid contract, express or implied, between the attorney and client; second, an understanding between the parties that payment is dependent upon recovery or that payment will come from the recovery; third, the client's attempt to avoid payment of the fees or a dispute as to the amount involved; and fourth, timely notice of the lien.  *Id*. at 1385.

Each of the four elements is necessary for the perfection of the charging lien. The record below demonstrates that Aldar and Petersen agreed they had entered into an oral contract, although they disagreed on the exact terms therein.  Similarly, the parties agreed that Petersen would not receive payment until Aldar had successfully recovered damages from American Cigarette Company, Inc.  Petersen understood this agreement to mean he would receive a deferred hourly billing payment while Aldar believed the payment would be contingent upon recovery.  In that vein, the parties disputed the amount due to Petersen.  Petersen claims a fee of $300,000 is owed, while Aldar maintains Petersen's withdrawal vitiates his claims

6

to compensation.  Finally, Petersen filed notice of the charging lien on September 6, 2011, and the underlying Aldar case settled in April 2012.  As such, Petersen gave timely notice of the charging lien because he filed the lien before the lawsuit had been reduced to settlement.  *See Levine v. Gonzalez*, 901 So. 2d 969, 974 (Fla. Dist. Ct. App. 2005).

In considering Aldar's Motion to Strike Notice of Petersen's Charging Lien, the district court considered whether the agreement between Petersen and Aldar was on a deferred hourly or a contingency basis.  After a review of the record, we agree with the district court that Petersen undertook representation of Aldar on a contingency basis.  Petersen has made unsubstantiated claims that he and Robert Gielchinsky, acting as the representative of Aldar, entered into an oral agreement for deferred hourly billing.  Throughout his numerous motions and appearances before the district court, Petersen failed to produce one scintilla of evidence documenting an hourly agreement.  The excerpts of e-mails to Robert Gielchinsky with reference to hourly billing failed to convince the district court that Aldar committed to such an agreement.  Petersen's overall lack of billing statements, hourly records, and a written agreement, combined with the credible testimonies of his former paralegal Christina Broder and Robert Gielchinsky, support the district court's finding that the fee agreement was on a contingency basis.  Petersen cannot demonstrate that the district court's findings were clearly erroneous.  *See AIG*

*Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc.*, 508 F.3d 995, 999 (11th Cir. 2007).

In Florida, case law governs an attorney's right to recover fees under a contingency agreement when an attorney withdraws. In *Faro v. Romani*, 641 So.2d 69 (Fla. 1994), the Supreme Court of Florida held that an attorney's voluntary withdrawal from representation before the occurrence of the contingency forfeits any and all claim to compensation. *Id.* at 71. In recognition that withdrawal is not always an attorney's choice but his duty to the court, the Supreme Court of Florida further held, "if the client's conduct makes the attorney's continued performance of the contract either legally impossible or would cause the attorney to violate an ethical rule of the Rules Regulating The Florida Bar, that attorney may be entitled to a fee when the contingency of an award occurs." *Id.* In determining which of these scenarios controlled Petersen's withdrawal, the district court found that Petersen voluntarily withdrew after creating the conflict with his client regarding fees in the Vibo case. This conclusion is fully supported by the record. Accordingly, we conclude that the district court correctly applied Florida law to the facts of this case and properly granted the Motion to Strike.

## C. *Motion to Dismiss*

We conclude that we have subject matter jurisdiction to hear this appeal because the district court's order granting Aldar's motion to strike is a final

8

appealable order.  *See* 28 U.S.C. § 1291.  A final order is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) (internal quotation marks omitted).  Because the district court's order struck Petersen's lien from the record, the district court had nothing left to do in the charging lien proceedings.  Petersen's dismissal of the Gielchinksky brothers and Phoenix Tobacco, Inc. does not alter the finality of the district court's order.  Accordingly, we DENY Aldar's motion to dismiss this appeal for lack of subject matter jurisdiction.

### III.  CONCLUSION

Based on the foregoing discussion, we affirm the district court's order granting Aldar's motion to strike and request for jury trial.

AFFIRMED.